## OZELLO v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1920.)

No. 2753.

1. **Criminal law ☞1032 (5)—Insufficiency of indictment cannot be first urged on appeal.**

In prosecution under the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), the objection could not be raised on writ of error that the indictment charged merely in the language of the statute that defendants caused intoxicating liquors to be transported, without stating in what manner or through what instrumentality it was caused to be done; the indictment not having been challenged by demurrer or otherwise, and defendants not having required, by bill of particulars, amplification of the charge.

2. **Intoxicating liquors ☞222—Indictment sufficiently negatived exceptions.**

An indictment under the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), charging the unlawful transportation of "wine," sufficiently negatived the exception excluding "ethyl alcohol for governmental, scientific, sacramental, medicinal, mechanical, manufacturing and industrial purposes."

3. **Intoxicating liquors ☞17—Reed Amendment constitutional.**

The Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a) is constitutional.

4. **Criminal law ☞995 (7)—Sentence to county jail not improper.**

In prosecution for violation of Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), sentence of confinement in certain county jail, which was within the district, was not objectionable, as not specifying any state, as Rev. St. § 5546 (Comp. St. § 10547), authorizing the Attorney General to arrange for the confinement of prisoners in a suitable jail out of the district, if there is no suitable jail in the district, indicates that, where there is a suitable jail in the district, confinement shall be there, and, even if it turned out that the jail designated was not a suitable place, this would not vitiate the sentence, but the Attorney General might designate another.

In Error to the District Court of the United States for the District of Indiana.

James Ozello was convicted of violating the Reed Amendment, and brings error. Affirmed.

F. J. Mattice, for the United States.

Benjamin E. Cohen, of Chicago, Ill., for plaintiff in error.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The writ attacks a judgment rendered on a general verdict of guilty on an indictment of two counts found under the so-called "Reed Amendment" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a)—the first count charging that defendants "did cause certain intoxicating liquor, to wit, 200 gallons of wine, to be transported from Chicago, in the state of Illinois, into the state of Indiana, the laws of which latter state then and there prohibited the manufacture or sale therein of intoxicating liquors for beverage purposes, and said liquor not being transported for scientific, sacramental, medicinal or manufacturing purposes, * * *" and the second count charging a conspiracy to violate a law of the United States through the intended commission of an act substantially as described in the first count.

There is no bill of exceptions, and as to the judgment we have to deal only with the sufficiency of the indictment, challenged for the first time by the writ of error herein. Insufficiency is charged, in that (1) it is not enough in such an indictment to charge merely in the language of the statute that the defendants caused intoxicating liquors to be transported, without stating in what manner or through what instrumentality it was caused to be done; (2) the indictment fails to negative a further exception to the operation of the act, made by an amendment thereto of October 3, 1917 (Comp. St. Ann. Supp. 1919, § 10387e); (3) the "Reed Amendment" is unconstitutional.

[1] As to the first, the indictment is in the words of the statute, and not having been challenged by demurrer or otherwise, and the defendants in the indictment having failed to avail themselves of the right in proper case to require by bill of particulars amplification of the charge, we do not think that after verdict the indictment is subject to attack on such ground.

[2] While what is said of the first contention might quite as well be applied to the second, it seems further that the charge in the first count, that the transportation was of intoxicating liquors, consisting of "wine," impliedly negatives the further exception, which was made by the amendment of October 3, 1917, excluding also "ethyl alcohol for governmental, scientific, sacramental, medicinal, mechanical, manufacturing and industrial purposes." We do not understand that the term "wine," as generally understood, would include the article specified in this further exception, and so by no possibility could there be any confusion or misconception as to the nature of the charge in this respect, whereby persons indicted and convicted might thereafter be prejudiced in case they were again charged with the same offense.

[3] As to the constitutionality of the "Reed Amendment," whereon the indictment is predicated, we need only to say that this is not now a question open in this court, since the recent determination by the Supreme Court that it is constitutional. United States v. Hill, 248 U. S. 420, 39 Sup. Ct. 143, 63 L. Ed. 337. In a later case (United States

v. Simpson, 252 U. S. 465, 40 Sup. Ct. 364, 64 L. Ed. 665), decided by the same court last April 19th, the Hill Case was followed, and a transportation of liquor into the state of Colorado by automobile for the personal use of the one transporting it was held to be a violation of the "Reed Amendment," notwithstanding such a transportation did not violate the laws of Colorado.

[4] Objection to sentence to confinement in the Marion county jail for six months, without specifying any state, is not well taken. Section 5546, Rev. Stat. U. S. (Comp. St. § 10547), authorizes the Attorney General to arrange for the confinement of prisoners in a suitable jail out of the district wherein they were convicted, in case there is no suitable jail within the district, impliedly indicating that primarily, where there is a suitable jail in the district, the confinement shall be there. Marion county is within the district, and in the absence of anything appearing to the contrary it will be presumed that there is a county jail in that county which is suitable for the confinement of prisoners therein. But under that section, even if it turned out that the county jail of Marion county was not a suitable place therefor, this would not vitiate the sentence, but the Attorney General might designate another "suitable jail in a convenient state or territory" wherein the sentence may be served.

The judgment of the District Court is affirmed.