**PETRAI v. ARCHER, Warden of United States Penitentiary.**

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4673.

1. **Habeas corpus ⚖️4—Writ of habeas corpus cannot be made to perform office of writ of error.**

Writ of habeas corpus cannot be made to perform office of writ of error.

2. **Habeas corpus ⚖️3—Whether statute under which defendant was convicted was previously repealed held not determinable in subsequent habeas corpus proceedings.**

Defendant, convicted of violating Rev. St. §§ 3266, 3281, 3282 (Comp. St. §§ 6004, 6021, 6022), and having failed to raise, by demurrer to indictment or motion in arrest of judgment, question whether such sections were repealed by National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) cannot after

conviction and sentence have such question determined in habeas corpus proceedings.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Frank S. Dietrich, Judge.

Habeas corpus proceeding by Duilio Petrai against Finch R. Archer, as Warden of the United States Penitentiary at McNeil Island, State of Washington. From a decree of dismissal, plaintiff appeals. Affirmed.

J. L. Finch, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Appellant is a prisoner at McNeil Island. He filed a petition for a writ of habeas corpus in the District Court of the United States for the Western District of Washington, Southern Division, claiming that he was unlawfully deprived of his liberty because the statute under which he was convicted had been repealed prior to the acts on his part complained of. He was convicted of a violation of sections 3266, 3281, and 3282, of the Revised Statutes (Comp. St. §§ 6004, 6021, 6022). Section 3266 forbids the use of a still in a dwelling house or inclosure connected therewith. Section 3281 forbids the carrying on of a distilling business without furnishing a bond. Section 3282 forbids the fermentation of mash except in a distillery duly authorized. The contention is that these sections were repealed by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The District Court dismissed the petition.

[1, 2] The questions which appellant seeks to have determined in this proceeding could have been raised by demurrer to the indictment or motion in arrest of judgment. The writ of habeas corpus cannot be made to perform the office of a writ of error. The court which tried appellant had jurisdiction to determine the questions now relied on, and, if they had been determined adversely to appellant's contentions, he would have had his remedy on writ of error. The questions not having been raised at the time of trial or before sentence, they are not available to him in this proceeding. This court has expressly so held. Bechtold v. United States, 276 F. 816. The Supreme

Court has announced the same rule. Glasgow v. Moyer, 225 U. S. 420, 428, 429, 32 S. Ct. 753, 56 L. Ed. 1147.

The decree is affirmed.