## HARRIS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4426.

1. Jury ⬩⇒31(11)—Calling another jury immediately upon discharging first jury after disagreement held not denial of benefits of Constitution guaranteeing speedy public trial by impartial jury.

Where, in prosecution for selling liquors, after jury had disagreed, another jury was immediately called, and second trial had, accused being represented by counsel, and fully informed of nature of accusation, and was tried by an impartial jury, no reason for continuance being offered, he was not denied benefits of Const. Amend. 6, guaranteeing speedy public trial by impartial jury.

2. Criminal law ⬩⇒1202(3)—Record of former conviction competent evidence to prove the second offense.

Record of former conviction was competent evidence to prove the second offense.

3. Criminal law ⬩⇒1186(4)—Admission of affidavit of enforcement officer in former conviction held not prejudicial, where affiant testified in case, and opportunity for cross-examination was given.

In prosecution for selling liquor, where affidavit of enforcement officer in former trial was introduced to contradict accused's statements as to his good reputation, and he had requested district attorney to read it, and affiant testified in case, giving accused opportunity to cross-examine him, *held* that admission was not of such prejudicial character as to require reversal, in view of Jud. Code, § 269 (Comp. St. § 1246).

In Error to the District Court of the United States for the Middle District of Tennessee; Benson W. Hough, Judge.

S. H. Harris was convicted of unlawfully selling intoxicating liquor as a second offense, and he brings error. Affirmed.

John E. Garner, of Springfield, Tenn. (Nelson H. Carver, of Nashville, Tenn., on the brief), for plaintiff in error.

A. V. McLane, U. S. Atty., of Nashville, Tenn. (Howard B. Shofner, Asst. U. S. Atty., of Nashville, Tenn., on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. The defendant was indicted, convicted, and sentenced for a second offense of unlawfully selling intoxicating liquors.

Upon the first trial of this cause the jury disagreed. Immediately following the discharge of that jury another jury was called and a second trial had, resulting in a verdict of guilty.

[1] It is claimed by the plaintiff in error that the court in ordering an immediate retrial of this cause over his objection denied to him the benefits of the provision of the Sixth Amendment to the Constitution of the United States, which guarantees to every person accused of crime a speedy public trial by an impartial jury.

The plaintiff in error was represented by counsel, confronted by the witnesses, fully informed of the nature and cause of the accusation against him, and was tried by an impartial jury. Nor does it appear from the record that he offered any reason whatever

for the continuance of this case until the next term of the court.

[2] It is also insisted that the court erred in permitting the United States District Attorney to read the affidavit of Emmett Franklin in the presence of the jury. It is claimed in brief of counsel for the government, and not denied by counsel for plaintiff in error, that this affidavit was attached to the search warrant issued in case No. 3344 and a part of the record in that case upon which the government relied in this case to prove a second offense. This record, of course, was competent evidence, and, if the government introduced a part of it, the defendant could have insisted upon the introduction of all of it had he so desired.

It also further appears that this affidavit was introduced upon the cross-examination of the defendant in connection with his testimony that he was of good reputation, especially with police enforcement officers; that he knew none that would give him a bad reputation; and that he did not think that Police Officer Emmett Franklin gave evidence against him in the former case in which this affidavit was filed, but against Mr. Holt only. To refresh his memory in this respect the affidavit made by Emmett Franklin in the former case was presented, and he was asked to read the same, but could not do so, because he had no spectacles with him. Thereupon the district attorney asked him: "May I read it to you?" and he answered: "Yes." The district attorney then proceeded to read the affidavit, but was interrupted by counsel for the defendant who objected upon the ground that it was immaterial, irrelevant, and incompetent. This objection was overruled by the court, for the reason that the witness had invited the district attorney to read it. To this ruling the defendant excepted.

[3] The witness Franklin was called by the government, and testified orally in this case. The defendant therefore was confronted by this witness, and had ample opportunity to cross-examine him in reference to the statement contained in his affidavit, the same as if the record of the case, of which it was a part, had all been introduced in evidence. For these reasons we think the admission of this affidavit in evidence whether it was or was not a part of the record in the former case was not of such prejudicial character as to require the reversal of this judgment. Section 269, Judicial Code (Comp. St. § 1246).

Upon full consideration of all the questions presented by this record, it does not appear that any error intervened to the prejudice of the plaintiff in error.

Judgment affirmed.