## CHORAK v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. November 22, 1926.)

No. 4841.

1. **Criminal law ⟨⟩1169(5)—Refusal to strike testimony as to prior purchase of liquor held not prejudicial, in view of instruction to disregard.**

Where witness testifying to purchase of liquor said that he had seen defendant, on a previous occasion, and when asked what for, replied "Buying whisky," *held*, refusal to strike such testimony until close of trial, when jury were instructed to disregard it, was not prejudicial.

2. **Criminal law ⟨⟩369(1)—Testimony as to other offenses is ordinarily incompetent.**

Ordinarily testimony of other offenses is not competent.

3. **Criminal law ⟨⟩1202(3)—Proof of prior conviction for unlawful sale of liquor held sufficient (National Prohibition Act (Comp. St. § 10138¼ et seq.]).**

Evidence, consisting of information theretofore filed, charging unlawful sale of liquor, and judgment that defendant was guilty of violating National Prohibition Act (Comp. St. § 10138¼ et seq.), *held* sufficient proof of prior conviction for unlawful sale, though judgment did not specify offense.

4. **Intoxicating liquors ⟨⟩236(6½)—Evidence showing only possession of dregs of empty or castaway bottles held insufficient to sustain conviction for possession of liquor (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Testimony that officers drained dregs from empty or castaway bottles found on defendant's premises, and thereby obtained an ounce of whisky, *held* insufficient to sustain conviction, under National Prohibition Act (Comp. St. § 10138¼ et seq.), for unlawful possession.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Peter Chorak was convicted of unlawful sale and possession of intoxicating liquor, and he brings error. Affirmed in part, and reversed in part.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. § 10138¼ et seq.). The indictment contains three counts. The first count charged

*Rehearing denied January 31, 1927.
15 F.(2d)—60

the unlawful sale of intoxicating liquor; the second count, a prior conviction for unlawfully selling intoxicating liquor, and the third count, the unlawful possession of about one ounce of intoxicating liquor. The jury returned a verdict of guilty as to all three counts, and the defendant has prosecuted this writ of error.

[1] The person to whom the intoxicating liquor described in the first count of the indictment was sold testified that he purchased a pint of moonshine whisky from the plaintiff in error on May 10, 1925. He was then asked if he had seen the plaintiff in error on the previous day, and answered in the affirmative. He was next asked what was the occasion of his then seeing the plaintiff in error, and answered, over objection and exception, "Buying whisky." A motion was made to strike this testimony, and the court answered: "Proceed. Let it stand for the present." There was no further ruling on the motion until, at the close of the trial, the court instructed the jury to disregard the testimony as to the prior sale.

[2] Of course, testimony as to other offenses committed by a defendant is not ordinarily competent, and this case forms no exception to the general rule; but the only testimony offered in support of the prior sale was the testimony of the witness who testified to the second sale, and, as said by this court in Stubbs v. United States, 1 F.(2d) 837: "Lastly, there was no corroboration of the testimony of the witness as to the former sales, and, if the jury discredited her as to the sale made on November 8th, they would naturally discredit her as to the other two, and the ruling was without prejudice."

[3] It is next contended that there was no competent proof of the prior conviction. The government offered in evidence the third count of an information theretofore filed in the court below against the plaintiff in error and one John Prkut, charging the unlawful sale of intoxicating liquor. A plea of guilty to this information was interposed by the plaintiff in error, and, on motion of the United States attorney, counts 1, 2, and 4 of the information were dismissed, thus leaving the case to stand on the third count, charging the unlawful sale. The judgment of the court was likewise offered in evidence, showing that it was there considered, ordered, and adjudged that the plaintiff in error was guilty of violating the National Prohibition Act, and that he be punished as therein provided. True, the judgment did not state that the plaintiff in error was convicted of the crime of unlawfully selling intoxicating liq-

uor; but, when the judgment is read in connection with the third count of the information, upon which it was based, it leaves no doubt in the mind as to the offense of which the plaintiff in error was convicted. Greater certainty than this is not required.

[4] The intoxicating liquor described in the third count was obtained in the following manner: One witness for the government testified that upon search of the gas station, from which the liquor was sold, they found some empty bottles, out of which they procured this ounce of whisky. Another government witness testified that the whisky described in the third count was drained from six flasks found at the gas station, adding: "We found no liquor on the premises, except the dregs out of these empty bottles." Dregs from empty or castaway bottles, not intended for use or sale, will not support a conviction for unlawful possession of intoxicating liquor, whatever evidence they may furnish of prior sales or prior possession.

Misconduct on the part of the assistant United States attorney in his argument to the jury, and errors in the instructions of the court are likewise complained of, but we do not think that the rulings of the court or its failure to rule were at all prejudicial. The instruction chiefly complained of related to the third count of the information, and that count should have been dismissed.

The judgment of the court below is therefore affirmed as to the first count, and reversed as to the third.