## SAPP v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
October 7, 1929.

No. 8394.

C. F. Connolly, of Omaha, Neb. (Crofoot, Fraser, Connolly & Stryker, of Omaha, Neb., on the brief), for appellant.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., and Ambrose C. Epperson and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb., on the brief), for the United States.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and OTIS, District Judge.

KENYON, Circuit Judge. Appellant was convicted on the second count of an information charging as a second offense the unlawful transportation of certain intoxicating liquor. The first count of the information, upon which there was an instructed verdict of not guilty, charged appellant with a second offense of having in his possession unlawfully certain intoxicating liquor. We are met at the threshold of this proceeding with a motion to strike what is termed an "abstracted bill of exceptions." After the conviction of appellant an appeal was properly taken to this court. A proper bill of exceptions was signed, settled, allowed, filed, and made part of the record of this case in the office of the clerk of the United States District Court for the District of Nebraska, Omaha Division. In the original præcipe of appellant for transcript, this bill of exceptions was not designated. A supplemental præcipe was filed, which covered the bill of exceptions, which had been settled, signed, and filed on July 26, 1928. That bill of exceptions was duly filed in the office of the clerk of this court, and is a part of the record on this appeal. Appellant designated that this bill of exceptions be omitted from the printed record, and that what is termed the "abstracted bill of exceptions," which had been approved by the trial judge, be printed. It is now claimed that there was no authority for the judge approving any such document, and that much of the testimony, especially on the motion to suppress evidence, does not appear in the abstracted bill of exceptions. Such an instrument is unknown to the practice and not within any rule of this court.

The correspondence set out in the resistance to the motion between the clerk of this court and appellant's attorney discloses that

said attorney was attempting in good faith to shorten the record and reduce the expenses of this appeal. This court has at times found fault with the extended records presented to it covering proceedings which did not bear directly on claimed errors of law.

In Marr v. United States, 8 F.(2d) 231, this court said: "Only such parts of the trial proceedings which bear on the claimed errors of law committed below should be brought into the record by a bill of exceptions. Everything else is foreign to the issues here and confusing."

Counsel's error was in not abbreviating the bill of exceptions instead of presenting an abstract thereof. However, as the bill of exceptions is filed in this court, we are at liberty to waive the rule as to printing, and examine the same. In view of the fact that this is a criminal case where the liberty of a citizen is involved, we have availed ourselves of this privilege as to the questions raised concerning the admission of certain evidence as to former convictions of appellant.

Questions arising on the record, such as the demurrer to the indictment, would be before us were there no bill of exceptions.

■ The information in the second count alleges that appellant on or about March 12, 1928, about 10:20 p. m. at or near 1314 Pierce street in the city of Omaha, Douglas county, Neb., knowingly transported intoxicating liquor. It is urged in the motion to quash the indictment that this is not sufficiently specific, and that the indictment must allege whether the transportation is from or to that address. We think the description is sufficient and not too indefinite to charge a violation of the act. Myers v. United States (C. C. A.) 15 F.(2d) 977; Gaughan v. United States (C. C. A.) 19 F. (2d) 897; Corcoran v. United States (C. C. A.) 19 F.(2d) 901; Swafford v. United States (C. C. A.) 25 F.(2d) 581.

■ The real difficulty in this case arises from the reception in evidence of the records of conviction of appellant in prior criminal cases. Both counts of the information state second degree offenses. It was necessary therefore to prove the first offense. The record introduced of the prior criminal case (No. 3525) to prove a first offense as the basis for the second offense charged under count 2 shows a conviction of appellant for unlawful possession of intoxicating liquor as well as for unlawful transportation. The evidence of conviction for unlawful possession is in no way sufficient as a basis for conviction of second degree offense for unlawful transportation. The offer should have been limited to showing a prior conviction for unlawfully transporting liquor. Possession and transportation of intoxicating liquor may be distinct offenses. A person may be guilty of transporting liquor without having possession thereof. Counsel for appellant objected to this record of conviction, and the admission of the same without limiting it to conviction for unlawful transportation was error.

■■ Under the first count of the information the government introduced over objection of appellant the record in criminal case No. 3081 showing that appellant had been theretofore convicted and sentenced to four months' imprisonment for five different offenses, to wit: "A sale of intoxicating liquor on September 12, 1923. Another sale on September 13, 1923. Another sale on September 25, 1923. Possession of 73 gallons of whisky on September 25, 1923, and maintenance of a liquor nuisance on September 25, 1923."

This evidence was permitted as the basis for a second degree offense under the indictment of illegal possession of intoxicating liquor. At the close of the government's case counsel for the government asked the court to withdraw from the consideration of the jury the first count of the information. The court subsequently instructed a verdict of not guilty on this count. The evidence as to four of these offenses, such as the sales of liquor and maintenance of a liquor nuisance, were not admissible as establishing a prior similar offense to that charged in count 1, i. e., illegal possession. This procedure placed the appellant in an unfair position and could not help but work serious prejudice to his case. Therefore it seems to us that appellant did not have that fair trial to which he was entitled. There are no rules of procedure established as to the method of trial of second offense cases. The government may in good faith believe it can establish its case on a particular count and proceed to place first in evidence the former conviction. Where there are a number of counts the fairer practice would be to prove the main offense first, and the prior conviction thereafter. The matter is one that must rest very largely in the discretion of the trial court. We should not be understood as implying that the government's attorneys in this case intended to be unfair in the proceeding, but we cannot escape the conclusion that the inevitable result of this procedure was to deprive appellant of that fair trial to which he was entitled. The trial court did its best to correct the situation created by the introduction of this testimony as

to count 1 of the information, and instructed the jury to put out of their minds and disregard the testimony relating only to the first count. However, we do not think this cured the error. It could not remove the impression necessarily created in the minds of the jury that they were dealing with a defendant prolific in criminal achievement. See discussion of this question by this court in Sunderland v. United States, 19 F.(2d) 202. See, also, United States v. Lindquist (D. C.) 285 F. 447. For the reason therefore that uder count 2 evidence was erroneously introduced of conviction in a previous trial for unlawful possession of intoxicating liquor, and for the further reason that the proceeding as to count 1 resulted in depriving appellant of a fair trial, the case must be reversed. ▇ Inasmuch as counsel for appellant has not presented the evidence introduced on the hearing upon motion to suppress certain evidence on the theory that it was secured by an unlawful search of an automobile, we are justified in assuming that the trial court had sufficient evidence on this subject to sustain its conclusion, and therefore we do not enter that domain.

It is unnecessary to discuss other questions raised, as they will doubtless not occur on a subsequent trial. The judgment is reversed, and the case is remanded, with instructions to grant a new trial.

Reversed and remanded.