UNITED STATES ex rel. DERENCZ v. MARTIN, Warden.

DERENCZ v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 18, 1930.

Nos. 2950, 2951.

R. Palmer Ingram, of Baltimore, Md. (Helen Elizabeth Brown, of Baltimore, Md., on the brief), for appellant.

Stanley E. Hartman, Asst. U. S. Atty., of Baltimore, Md. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM. Appellant in these cases, who will be referred to here as defendant, on the 6th day of November, 1929, pleaded guilty in the District Court of the United States for the District of Maryland to an indictment charging him with possession of intoxicating liquor in violation of section 3, title 2, of the National Prohibition Act (27 USCA § 12), and also charging two prior convictions for possession in violation of section 3 of title 2 of the National Prohibition Act (27 USCA § 12). Defendant was sentenced to pay a fine of $500 and costs and to imprisonment in jail for nine months, and immediately began serving such sentences. On November 16, 1929, defendant paid the fine of $500 and the costs, and following the payment sought release from the service of the sentence of imprisonment by a petition for a writ of habeas corpus. This petition was denied by the District Court of the United States for the District of Maryland on November 21, 1929, from which action of the court appeal was taken (No. 2950). Subsequently the defendant took an appeal from the judgment of the court in the criminal case (No. 2951). In this court the cases were consolidated and heard together.

At the time of the sentence in the case in No. 2951 no objection was made, and the question as to the correctness of the sentence was raised for the first time in this court in that case. It is not necessary to quote authorities to the effect that questions raised for the first time in this court cannot be considered. It is further admitted in the argument that the appeal was taken in case No. 2951 for its effect on the question of bail pending hearing on the appeal. No serious contention was made in the argument that the judgment in this case should be reversed.

In considering case No. 2950, and the action of the court below in denying the petition for writ of habeas corpus, it seems to us clear that the only question raised is whether the defendant is illegally restrained of his liberty by reason of lack of jurisdiction in the court imposing sentence. In Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 755, 56 L. Ed. 1147, Mr. Justice McKenna, speaking for the court, said:

"Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849, was an appeal from a judgment discharging a writ of habeas corpus petitioned for after conviction, and it was held that the writ could not be used for the purpose of proceedings in error, but was confined to a determination whether the restraint of liberty was without authority of law. In other words, as it was said, 'Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions.' Re Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184, was a writ of habeas corpus brought after conviction, and we said that we were not concerned with the question whether the information upon which the petitioner was prosecuted and convicted was sufficient or whether the case set forth in an agreed statement of facts constituted a crime—that is to say, whether the court properly applied the law—if it be found that the court had jurisdiction to try the issues and to render judgment. * * *

"The principle is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense. Those questions, like others, the court is invested with jurisdiction to try if raised, and its decision can be reviewed, like its decisions upon other questions, by writ of error. The principle of the cases is the simple one that if a court has jurisdiction of the case, the writ of habeas corpus cannot be employed to retry the issues, whether of law, constitutional or other, or of fact.

"* * * The ground of the decision was that there was an orderly procedure prescribed by law for him to pursue, in other words, to set up his defenses of fact and law, whether they attacked the indictment for insufficiency or the validity of the law under which it was found; and, if the decision was against him, test its correctness through the proper appellate tribunals. It certainly cannot be said that the district court of Delaware did not have jurisdiction of the case, including those defenses, or that its rulings could not have been reviewed by the circuit court of appeals or by this court by writ of error. It would introduce confusion in the administration of justice if the defense which might have been made in an action could be reserved as grounds of attack upon the judgment after the trial and verdict."

See, also, Collins v. Morgan (C. C. A.) 243 F. 495; Petrai v. Archer (C. C. A.) 8 F.(2d) 354; Hopkins v. McClaughry (C. C. A.) 209 F. 821.

There is no question that the defendant was properly charged with third offense, and the indictment properly alleges two former convictions. Defendant pleaded guilty to all three of the indictments in question, and we are asked, notwithstanding his plea of guilty in the instant case, and his plea of guilty to a second offense in a former case and his plea of guilty in the first case, to hold that in the first case there was not a conviction for possession. The ground of this contention is that in the first case the defendant was charged with manufacture in one count and possession in another, and it is argued the lesser offense was merged into the greater, and that the defendant was sentenced only for the greater offense. The question arises as to whether a plea to an indictment charging a greater and lesser offense, even though the lesser be merged into the greater, is any less a conviction for the lesser offense. But it is not necessary to decide that question. We have here a plea of guilty to a second offense and judgment thereon. An allegation in an indictment that an offense is a second one is a conclusion which becomes a finality upon a plea of guilty. Pavik v. United States (C. C. A.) 4 F.(2d) 251.

"Indictment alleging that defendant had been informed against 'as a first offense,' and pleaded guilty of possession, under National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa [27 USCA § 12]), on a particular date, and on later date was informed against 'as a second offense,' for possession of intoxicating liquor, and thereafter convicted, and alleged that third offense charged by indictment was committed after such conviction, held sufficient to support conviction as for a third offense." Palmer v. United States (C. C. A.) 6 F.(2d) 145.

The circumstances in the Palmer Case are practically the same as here, and the decision in that case, in which we fully concur, seems determinative of all points raised here. See, also, Simpson v. United States (C. C. A.) 241 F. 841, certiorari denied 245 U. S. 664, 38 S. Ct. 62, 62 L. Ed. 537;

Ozello v. United States (C. C. A.) 268 F. 242; Pickett v. United States, 216 U. S. 456, 30 S. Ct. 265, 54 L. Ed. 566.

Defendant relies largely upon the case of Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, but that case is not in point. In that case the court sentenced the defendant to both fine and imprisonment, under a statute providing a penalty of imprisonment *or* fine. No such condition exists here.

The judgment of the court below in both cases is accordingly affirmed.