## SMITH v. UNITED STATES.

### No. 6107.

Circuit Court of Appeals, Ninth Circuit.
June 2, 1930.

Lord & Moulton, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Chas. W. Erskine and Francis E. Marsh, Asst. U. S. Attys., all of Portland, Or.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was convicted on two counts of selling whisky in violation of the National Prohibition Law (27 USCA), on July 18 and September 11, 1929, and on two counts was convicted of unlawfully possessing moonshine whisky July 18, 1929, and September 11, 1929. The indictment also alleged that on September 16, 1929, appellant was convicted of unlawfully possessing and selling intoxicating liquor on March 13, 1929. The jury made a special finding of the prior conviction and a separate verdict of guilty on each count. The court sentenced the appellant to thirteen months' imprisonment and a fine of $200. No separate sentence on the individual counts was imposed. The sentence imposed is less than that now provided for a single illegal sale. 27 USCA § 91, 45 Stat. 1446, chap. 473, § 1, enacted March 2, 1929.

At the time of the sales involved herein the appellant made certain statements concerning the amount of whisky he. had on hand, and the volume of illicit business he was conducting and his preparations for defense against those who attempted to interfere with his business. It is argued on appeal that this evidence tended to prove offenses other than those charged in the indictment, and that therefore their admission was erroneous and prejudicial. These statements were admissible as a part of the res gestæ, and could not be excluded merely because they tended to prove other offenses. Flood . v. United States (C. C. A.) 36 F.(2d) 444. Moreover, there is no assignment of error predicated upon the admission of such testimony.

The appellant calls our attention to the fact that counts 2 and 4 of the indictment charging sales do not allege the name of the person to whom the sales were made. No demurrer was interposed to the indictment and no bill of particulars demanded, and the question was not raised in the trial court until after all the evidence was in, whereupon the appellant moved for a directed verdict on the ground that the indictment "fails to state a crime, in that the names of the persons to whom intoxicating liquors were alleged to have been sold are not named"; and on the ground that the "charges in the several counts in the indictment being indefinite, uncertain, and so general in nature that they do not apprise the defendant of the nature of the accusation made against him, which is in violation of constitutional guaranties." At the time this motion was made the evidence disclosed the name of the purchaser and all the details of the offense. The. only assignment of error on this subject is "Assignment of error No. III, in not directing a verdict of not guilty in favor of defendant." The appellant was not entitled to an acquittal. Neither, the motion nor the assignment segregate the counts alleging sale, and the motion was for a directed verdict on all counts. This was a permissible form of indictment according to 41 Stat. 317, § 32, 27 USCA § 49; Haussener v. U. S. (C. C. A.) 4 F.(2d) 884; Myers v. U. S. (C. C. A.) 15 F.(2d)' 977. The error assigned is not well taken. The indictment is sufficient to sustain the judgment.

At the close of the evidence counsel moved the court to instruct the jury to disregard the evidence of the prior conviction, for the reason that the conviction did not precede the alleged offense. The evidence had been received without objection. The court denied the motion on the ground that the conviction occurred prior to the indictment in this case. Inasmuch as the only function of a prior conviction is to augment the penalty for the later

offenses, and the province of the jury only to determine whether the defendant was so convicted, so that the court can be guided thereby in fixing the sentence for the later offense, no prejudice resulted from the ruling. In order that a conviction shall affect the penalty for subsequent offenses, it must be prior to the commission of the offense. Singer v. U. S. (C. C. A.) 278 F. 415; Massey v. U. S. (C. C. A.) 281 F. 293; Biddle v. Thiele (C. C. A.) 11 F.(2d) 235; Holst v. Owens (C. C. A.) 24 F.(2d) 100; Jones v. U. S. (C. C. A.) 18 F.(2d) 573. Moreover, no assignment of error challenges this ruling. The court thereafter charged the jury to consider this evidence. No exception was reserved to this charge, although it was later assigned as error. In the absence of an exception the assignment of error cannot be considered.

Appellant claims that evidence of a prior conviction, although required to be pleaded by the National Prohibition Act, tit. 2, § 29 (27 USCA § 46), should not be proved until after the jury had returned a verdict of guilty on the charge of an illegal sale, and contends that the procedure approved in State v. Ferrone, 96 Conn. 160, 113 A. 452, should have been followed. No such objection was made in the trial court to the introduction of this evidence; moreover, this court has held otherwise. Chorak v. U. S. (C. C. A. 9) 15 F.(2d) 945; Powell v. U. S. (C. C. A.) 35 F.(2d) 941. This is the rule approved, expressly or by implication, in other circuits. Singer v. U. S. (3 C. C. A.) 278 F. 415; Massey v. U. S. (C. C. A. 8) 281 F. 293, and numerous cases cited therein at page 297; Sapp v. U. S. (C. C. A. 8) 35 F. (2d) 580; Krashowitz v. U. S. (C. C. A. 4) 282 F. 599; U. S. ex rel. Derenez v. Martin (C. C. A. 4) 36 F.(2d) 944; McCarren v. U. S. (C. C. A. 7) 8 F.(2d) 113; Klein v. U. S. (C. C. A. 1) 14 F.(2d) 35; Harris v. U. S. (C. C. A. 6) 10 F.(2d) 358; U. S. v. Hefferman (D. C.) 35 F.(2d) 605.

This evidence could have been excluded by timely objection, for the indictment does not allege sale or possession after conviction. The dates set forth in the indictment show that the sales and possession charged antedate the conviction. This allegation is immaterial, and the conviction alleged should have been disregarded in fixing the sentence. The penalty imposed by the court for the sales of which appellant was convicted is within the limit fixed by the Jones Act, 27 USCA section 91, supra, without regard to a prior conviction, and is therefore lawful.

The foregoing are all the assignments of error argued by the appellant.

Judgment affirmed.