UNITED STATES v. LINDQUIST et al.

(District Court, W. D. Washington, N. D. May 25, 1921.)

No. 5792.

1. Criminal law ⬅⟶517(4)—Confession held admissible.

Evidence as a whole *held* sufficient to establish the corpus delicti and to render a confession by a defendant admissible.

2. Criminal law ⬅⟶1202(3)—Evidence of prior offense admissible only after conviction for such offense.

Under National Prohibition Act, tit. 2, § 29, prescribing a greater punishment for "a second or subsequent offense," and providing that the prosecuting officer shall "plead the prior conviction," a defendant must have been convicted of a prior offense, and not merely be charged with its commission, to render evidence of such offense admissible.

3. Statutes ⬅⟶241(2)—Statute imposing more severe punishment for second offense strictly construed.

A statute providing for a more severe punishment on conviction for a second offense is highly penal and must be strictly construed.

Criminal prosecution by the United States against Verner Lindquist and Harvey Goffee. On motions by defendants in arrest of judgment and for new trial. Granted as to defendant Lindquist and denied as to defendant Goffee.

Robert C. Saunders, U. S. Atty., and F. C. Reagan, Asst. U. S. Atty., both of Seattle, Wash.

John F. Dore, of Seattle, Wash., for defendant Lindquist.

Walter Metzenbaum, of Seattle, Wash., for defendant Goffee.

NETERER, District Judge. [1] The defendants severally move for new trial and in arrest of judgment—the defendant Goffee because an alleged confession was admitted before the corpus delicti was established; the defendant Lindquist because of the admission of testimony with relation to another offense, which had not been judicially determined. Myer, the storekeeper of the Duthie Shipyard, testified that whisky was delivered at the company's store on three occasions by Lindquist: March 18, 120 bottles; count 2, April 24, 168 bottles; count 3, June 8, 60 bottles. The gatekeeper saw Goffee enter the gate leading to the office of the company on March 18, and on two other occasions saw him there. All of the circumstances disclosed are sufficient to establish the corpus delicti—the body of the offense (Daeche v. U. S., 250 Fed. 571, 162 C. C. A. 582), and the statement of witness Holmitz was therefore properly admitted. The case is well within the recognized rule, and, conviction being established beyond a reasonable doubt, the motion of the defendant Goffee is denied.

[2] The second offense charged against the defendant Lindquist is a greater punishment, and such fact—Commonwealth v. McDermott, 224 Pa. 363, 73 Atl. 427, 24 L. R. A. (N. S.) 431, and section 29, title 2, c. 85, 41 Stat. 316 (National Prohibition Act), which provides that the prosecuting officer shall "plead the prior conviction"—shows that it must be committed after conviction for the first. The employment of the terms "convicted" and "conviction" in section 29, supra, conclusively shows that it is the conviction of the offense and not the offense which controls.

[3] A statute providing for severer punishment on conviction for second offense is highly penal, and must be strictly construed. 16 Corp. Juris. 1339; 25 R. C. L. p. 1081. The second offense charged was not judicially determined until June 8, subsequent to the commission of all the offenses charged. The testimony, therefore, of this offense, relating to a separate and distinct offense, was prejudicial to the defendant Lindquist, tending to show that the defendant Lindquist was a bad man for which he was not on trial, and was not proper for the jury's consideration in determining the issue before it. People v. Fabian, 192 N. Y. 443, 85 N. E. 674, 18 L. R. A. (N. S.) 684, 127 Am. St. Rep. 917, 15 Ann. Cas. 100; State v. Findling, 123 Minn. 413, 144 N. W. 143, 49 L. R. A. (N. S.) 449.

The motion for a new trial as to Lindquist is granted.