### SINGER v. UNITED STATES.*

(Circuit Court of Appeals, Third Circuit. January 27, 1922.)

No. 2783.

1. **Intoxicating liquors** ⟷238(3)—**Evidence not insufficient as matter of law to show liquor sold as "whisky" was intoxicating.**

Evidence that defendant by separate agreements contracted to sell two barrels of whisky, delivered it as whisky, and received the price of two barrels of whisky, and that the purchaser, an admitted connoisseur, after drinking some of it, declared it was whisky, was not insufficient

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 257 U. S. —, 42 Sup. Ct. 272, 66 L. Ed. —.

as matter of law to show that it was intoxicating, though there was no analysis, as whisky is a well-known intoxicating liquor of high alcoholic content, and the word, whenever used, has a definite and specific meaning.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Whisky.]

2. **Criminal law ☞789(17), 829(18)—Definition of "reasonable doubt" held sufficient, and requested instruction properly refused.**

Where the court charged that defendant's guilt must be proven beyond a reasonable doubt, and defined a "reasonable doubt" as a doubt founded in reason and arising from the evidence, and not a mere hesitation of the mind to pronounce guilt because of the punishment that might follow, or a mere capricious doubt or hesitancy of the mind, but a doubt founded in reason and arising from the evidence, the instruction was sufficient, and a requested instruction defining a reasonable doubt was properly refused.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Doubt.]

3. **Criminal law ☞561(1)—Reasonable doubt must arise from evidence, or want of evidence.**

The reasonable doubt contemplated by the law must arise from the evidence, which includes want of evidence, and can arise from no other legitimate source.

4. **Criminal law ☞507(1)—"Accomplice" defined.**

An "accomplice" is an associate in guilt in the commission of a crime, a participant in the offense as principal or accessory.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

5. **Criminal law ☞507(1)—Purchaser of liquor not accomplice of seller.**

As it is no crime to purchase whisky, the purchaser is not a participant in the seller's offense, and is not an accomplice, where the seller is charged only with illegal selling and transportation, and not with conspiracy to violate the Volstead Act.

6. **Criminal law ☞561(3)—Points that evidence of character witnesses, if believed, was sufficient to raise reasonable doubt, properly refused.**

The court properly refused to affirm points asserting that the evidence of character witnesses, if believed, was sufficient to raise a reasonable doubt, as this would have been equivalent to saying that the establishment of a good reputation entitled defendant to an acquittal.

7. **Indictment and information ☞114—Prior conviction under Volstead Act for selling, etc., must be pleaded.**

The provision of Volstead Act, tit. 2, § 29, that it shall be the duty of the prosecuting officer to plead prior convictions, applies to the offense of manufacturing or selling in violation of the statute, as well as the offenses for which no special penalty is prescribed, covered by the same paragraph in which the provision in question appears.

8. **Criminal law ☞1202(1)—Second offense under Volstead Act not committed until there has been a judgment on prior verdict; "conviction."**

In a legal sense, a "conviction" is a judgment on a plea or verdict of guilty, and a second offense, carrying with it a more severe sentence, cannot be committed until there has been a judgment on the first; and while in common parlance a verdict of guilty is said to be a conviction, a verdict in another prosecution will not support a sentence under the Volstead Act as for a second offense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convicted—Conviction.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Indictment and information ⊙➡114—Indictment charging second offense must set forth prior conviction.**

An indictment charging accused of being a second offender, under a statute making a second offense a distinct crime carrying with it heavier penalties, must set forth the fact of the prior conviction, as it is an element of the offense in the sense that it aggravates the offense and authorizes increased punishment.

**10. Criminal law ⊙➡1202(2)—Prior conviction and identity of accused must be established in prosecution for second offense.**

When the indictment charges a prior conviction under a statute providing heavier penalties for a second offense, questions of fact are presented as to the prior conviction, and the identity of accused as the same person in each prosecution, and such facts must be established at the trial.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Samuel Singer was convicted of the illegal sale and transportation of whisky, and he brings error. Sentence set aside, and cause remanded.

James Mercer Davis, of Camden, N. J., and Eugene Schwinghammer, of Atlantic City, N. J., for plaintiff in error.

Elmer H. Green, U. S. Atty., and Fredk. M. P. Pearse, Asst. U. S. Atty., both of Newark, N. J.

Before BUFFINGTON, Circuit Judge, and WITMER and THOMSON, District Judges.

THOMSON, District Judge. The defendant in error was convicted on an indictment containing four counts; the first and third counts charging illegal sales, and the second and fourth counts illegal transportation of whisky, in violation of the Volstead Act (41 Stat. 305). A general verdict of guilty was rendered, a motion in arrest of judgment was overruled, and the defendant sentenced on the third count of the indictment, to pay a fine of $2,000 and undergo imprisonment in the penitentiary at Atlanta, Ga., for the term of three years. In imposing sentence, the court said, after addressing the defendant:

"I am going to sentence you on the third count of the indictment, on which you were convicted, and I am not at this time going to sentence you on the other charges which are standing against you in this court, and the sentence is that you serve a term of three years, on the third count of the indictment against you, on which you were convicted, in the Atlanta penitentiary, and that you further pay a fine of $2,000.

"Mr. Cutley: Your honor, it seems to me that the sentence which you impose finds no justification.

"The Court: Section 29 of the Volstead law justifies the imposition of a fine not to exceed $2,000 and imprisonment of not more than five years for a second offense, and I am imposing this penalty because this was a second offense."

The legality of the sentence so imposed was objected to by defendant's counsel, an exception granted in his favor, and from the judgment so entered this writ of error was taken.

[1] In all, 17 assignments of error were filed, a few only being pressed at the argument. The first, fifteenth, sixteenth, and seventeenth

assignments relate to the judgment, and will be treated together. The second assignment asked for a directed verdict for the defendant, which was properly refused. The third, fourth, fifth, and sixth assignments bear on the proposition that the government's proof was not sufficient to establish that the liquors sold and transported were intoxicating liquors, within the meaning of the National Prohibition Act.

We are of opinion that there was ample evidence to establish this fact. It is true there was no analysis of the liquors sold and transported, but this was unnecessary. Whisky as a well-known intoxicating liquor of high alcoholic content, and, when the word is used in an act of legislation or elsewhere, it has a very definite and specific meaning. In certain liquids, the presence of alcohol or other ingredient may be determinable only by a chemical analysis. Not so with whisky. Alcohol is its chief ingredient. It is defined by the United States Pharmacopœia to be:

"An alcoholic liquid obtained by the distillation of the mash of fermented grain, * * * with a specific gravity [designating it] corresponding approximately to an alcoholic strength of 44 to 50 per cent. by weight, or 50 to 58 per cent. by volume."

The defendant, by separate agreements, contracted to sell two barrels of whisky, delivered it as whisky to the purchaser, and received the price of two barrels of whisky. The purchaser, an admitted connoisseur in that line, after emptying the liquid into demijohns and drinking some of it, declared it was whisky. With these facts in evidence, and nothing to contradict them, the court could not possibly have held as a matter of law that the proof of their intoxicating character was insufficient. These assignments are therefore overruled.

[2] The seventh assignment alleges error in the court's refusal to define reasonable doubt as set forth in the first request for charge. The court's refusal was based on the fact that the same had been covered in the general charge. In this we think there was no error. The court had definitely instructed the jury that the defendant is presumed to be innocent until he is proven guilty, and that the defendant's guilt must be proven beyond reasonable doubt; that the presumption of innocence continues until it is overcome by the burden of proof beyond reasonable doubt. He then defined reasonable doubt as:

"A doubt founded in reason and arising from the evidence, not a mere hesitation of the mind to pronounce guilt because of the punishment that may follow, not a mere capricious doubt or a hesitancy of the mind to say, 'This man did so and so,' but it must be a doubt founded in reason and arising from the evidence."

We deem this instruction entirely sufficient. It is substantially in accordance with the charge in Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624; and which was held adequate. The court in that case, took occasion to say that the court is not bound to adopt the language which counsel employs in framing instructions, nor to repeat instructions already given in different language.

[3] Clearly, the reasonable doubt contemplated by the law must arise from the evidence, which includes, within the term, want of evidence, and can arise from no other legitimate source. The seventh assignment of error is overruled.

[4, 5] The eighth, ninth, tenth, and eleventh assignments are based on the erroneous assumption that Maynard, the purchaser of the liquor, was an accomplice in the defendant's crime. An accomplice is an associate in guilt in the commission of a crime, a participant in the offense as principal or accessory. The offenses here were the selling and transportation of whisky. It is a crime to sell, but not a crime to purchase. Hence the purchaser was not a participant in the offense, either as principal or accessory. It is possible that the purchaser might be indicted with the seller for conspiracy to violate the Volstead Act, but no such offense is charged in this indictment. Not being an accomplice, the requests were not applicable, and were rightly refused.

[6] The twelfth and thirteenth assignments allege error because the court refused to affirm that the evidence of character witnesses, if believed, is sufficient to raise a reasonable doubt. To have affirmed these points would have been equivalent to saying that the establishment of a good reputation entitles the defendant to an acquittal. This is very far from being the law. The court was right in refusing to affirm the points as requested.

The fourteenth assignment cannot be sustained, as it seems to be based on the theory that the government's case rested solely on the testimony of Maynard, which is incorrect. The weight to be given to Maynard's testimony was fully covered by the court in its charge, as appears on page 89 of the record. There being sufficient evidence to sustain the jury's finding, and no error appearing in the trial, the verdict should not be disturbed.

The first, fifteenth, sixteenth, and seventeenth assignments raise the question of the legality of the sentence; that is, the judgment pronounced by the court upon the verdict. The sentence imposed was for the second offense, which carries with it, under the act, a much severer penalty. It appeared at the argument that the facts were these: An information against the defendant charged an illegal sale of liquors on July 3, 1920, upon which charge he was convicted on March 8, 1921. On this last date the present indictment was returned against defendant, charging sales on July 21 and September 7, 1920; defendant being convicted thereon on March 17, 1921. No sentence had been imposed; that is, no judgment had been entered on the verdict of March 8th, at the time the indictment was found, nor when the defendant was convicted under it, nor did the indictment charge a former conviction.

[7] In section 29 of the Volstead Act are prescribed the various penalties for violation of title 2 of the act. It prescribes for the first offense of manufacturing or selling in violation of the title a fine of not more than $1,000 or imprisonment not exceeding six months, and for a second or subsequent offense a fine not less than $200 nor more than $2,000 and imprisonment not less than one month nor more than five years. In the next paragraph of the same section it is prescribed that any person violating any provision of the title, for which offense no special penalty is prescribed, shall for the first offense be fined, for a second offense fined or imprisoned, and for any subsequent offense fined and imprisoned within certain designated limits therein set forth. Then follows this provision:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

[8-10] As the two paragraphs of section 29 together define the penalties for the various violations of title 2, and as each prescribes a severer penalty for a second or subsequent offence, it is reasonable to assume that Congress intended that the provision requiring a former conviction to be pleaded should apply to the offenses designated in both paragraphs. But, even if this is not true, the result is the same. While in common parlance a verdict of guilty is said to be a conviction, it must be given its strict legal meaning when a second offense is made a distinct crime, carrying with it heavier penalties. The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; second, a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first; third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment.

When the prior conviction is charged in the indictment, two questions of fact are presented, namely, the prior conviction, and the identity of the accused as the same person in each prosecution, and these facts must be established at the trial. Among the numerous authorities sustaining these propositions, may be cited Commonwealth v. McDermott, 224 Pa. 363, 73 Atl. 427, 24 L. R. A. (N. S.) 431; State of Iowa v. Smith, 129 Iowa, 709, 106 N. W. 187, 4 L. R. A. (N. S.) 539, 6 Ann. Cas. 1023; Commonwealth v. Harrington, 130 Mass. 35; People v. Sickles, 156 N. Y. 541, 51 N. E. 288; Wood v. People, 53 N. Y. 511; State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449.

In this case there was no former conviction, no first offense in law, nor was a former conviction either pleaded or proved. It follows that the sentence imposed by the court for a second offense was erroneous. The sentence imposed by the court on the third count of the indictment, to wit, that defendant serve a term of three years in the Atlanta penitentiary, and that he further pay a fine of $2,000, is therefore set aside, and the cause is remanded for imposition of sentence in accordance with law.