## UNITED STATES v. STODDART.

(District Court, E. D. Pennsylvania. March 26, 1926.)

No. 872.

Indictment and information ⊜➡114—Indictment alleging plea of guilty to prior indictment held insufficient to authorize sentence as for second offense (National Prohibition Act, tit. 2, § 29 [Comp. St. Ann. Supp. 1923, § 10138½p]).

Indictment alleging plea of guilty to prior indictment, without setting out judgment on plea, is insufficient pleading of prior conviction, within National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), to authorize sentence as for second offense.

John Stoddart entered plea of guilty to indictment charging sale of whisky. On motion for sentence. Defendant ordered to appear for sentence as on first offense.

George W. Coles, U. S. Atty., and L. Leroy Deininger, Asst. U. S. Atty., both of Philadelphia, Pa.

John E. McDonough, of Chester, Pa., for defendant.

THOMPSON, District Judge. The defendant has entered a plea of guilty to an indictment charging him with a sale of whisky on March 29, 1924. After setting out the offense, the indictment proceeds as follows:

"The said John Stoddart, the defendant above named, did, at Philadelphia, on January 4, 1923, plead guilty in the United States District Court for the Eastern District of Pennsylvania to the bill of indictment numbered 98, March sessions, 1922, which indictment charged him with unlawfully selling intoxicating liquor."

The question raised, when the plea was entered and the district attorney moved for sentence, was whether the court had discretion, under section 29 of title 2 of the National Prohibition Act (Comp. St. Ann.

Supp. 1923, § 10138½p), to impose a fine without imprisonment, as for a first offense, or was required to impose a fine and imprisonment, as for a second or subsequent offense. It is contended on behalf of the defendant that the indictment does not properly charge a prior conviction, and that, therefore, the paragraph of the indictment recited above must be regarded merely as surplusage.

Section 29 makes it the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted, and to plead the prior conviction in the affidavit, information, or indictment. The case is clearly ruled by Singer v. United States, 278 F. 415, where Judge Thomson, speaking for the Circuit Court of Appeals for this circuit, said:

"While in common parlance a verdict of guilty is said to be a conviction, it must be given its strict legal meaning when a second offense is made a distinct crime, carrying with it heavier penalties. The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; second, a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first; third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense, in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment."

It is obvious that the recital of the defendant's plea of guilty to the prior indictment does not comply with the statutory requirement of pleading a prior conviction, for it does not set out a judgment upon the plea.

It is ordered that the defendant appear on Monday, March 29, for sentence as upon a first offense.