THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ARTHUR McCORMICK, PLAINTIFF IN ERROR.

Submitted October 14, 1927—Decided January 27, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff in error, *Frank H. Pierce.*

For the defendant in error, *Albert H. Holland.*

The opinion of the court was delivered by

CAMPBELL, J.   Plaintiff in error was indicted for violations under the Hobart act.   *Pamph. L.* 1922, *p.* 615.

The indictment contained two counts.

The first charged the selling of intoxicating liquors for beverage purposes on July 18th, 1925, and that such was a second offense in that the plaintiff in error had been convicted "of a first offense on November 27th, 1925."

The second count charged the possession of intoxicating liquors for beverage purposes on July 18th, 1925, and that it was a second offense, the plaintiff in error having been "convicted of a first offense on November 27th, 1925."

Upon the trial under such indictment a general verdict of guilty as charged was returned and plaintiff in error was sentenced to confinement in the county jail for six months.

Such judgment is before us upon a strict writ of error and also under section 136 of the Criminal Procedure act.

The assignments of error and specifications of causes are presented and argued under five points.

1. (a) The conviction is against the weight of the evidence.

This we do not find to be so.

(b) The *corpus delicti* was not proved.

This means, we take it, that the beer sold and possessed was not proven to have a higher alcoholic content than that permitted by law and was not therefore legally an intoxicating liquor.

What we have said as to the weight of evidence also applies to this.

(c) The allegations of the indictment were not sustained by the proof.

This is directed to the charge of second offense in the indictment. As has been stated the indictment charged the offense of selling and also of possession on July 18th, 1925, and in each instance charged such to be a second offense as plaintiff in error had been convicted on November 27th, 1925, of a first offense.

The proofs show that the plaintiff in error was indicted at the May term, 1925, for both selling and possessing on October 5th, 1923; that on November 27th, 1925, he pleaded guilty to the charges in such indictment and was fined $100.

The contention seems to be that a first offense is to be measured and determined as of the date of conviction thereof.

We think this cannot be so and the language of the statute (*Pamph. L.* 1922, *p.* 615) does not seem to us to warrant any such construction.

The "offense" took place when the alleged criminal act was committed irrespective of the time of conviction or the plea of guilty, so long, at least, as such conviction or plea of guilty took place before the return of the indictment charging a similar offense as a second offense. And that was the situation here.

2. There could be no legal conviction under the indictment because it charged an impossible crime.

This has, upon the merits, been disposed of by what we have just held under point 1c. And we further are of the opinion that the matter is not properly before us under section 44, Criminal Procedure act (2 *Comp. Stat., p.* 1834), there having been no motion to quash the indictment nor to arrest judgment. *State* v. *Alderman,* 81 *N. J. L.* 549.

3. That is to alleged error of the trial judge in permitting answers to questions put to the witness Musa as to a plea of guilty entered by one Louis Banknecht. All these questions were put and answered before any objection was placed to them, although the trial court did allow an exception. Under such circumstances our inclination would be to ignore the point raised.

However, we find that the proofs elicited were relevant and competent and nothing can be taken under such assignment or specification.

4. That there was no testimony warranting a conviction other than that of the witness Musa, who was an accomplice, and there was no corroboration of his testimony.

This again goes to the weight of evidence which we have already disposed of and points to no erroneous judicial action.

5. That it was error to refuse to charge the following request:

"The jury should give no heed or consideration to the bottles containing fluids which were displayed by the prosecutor during the trial, nor should it draw any conclusions whatever as to how or under what circumstances, or where those bottles or fluids were obtained, or as to what such fluids were. Neither the bottles nor their contents are evidentiary in this case."

This request was predicated upon a suggestion of the prosecutor that counsel for plaintiff in error would not object to certain bottles of fluid going in evidence. Counsel, however, did not consent and the bottles were not offered, nor was there any evidence as to what they contained.

This is a request to instruct in a cautionary manner only. It was entirely within the discretion of the trial judge to so charge or not and it was not error to refuse to so charge.

Finding no error calling for reversal the judgment under review is affirmed, with costs.