THE STATE v. GEORGE CHRISTUP, *alias* HENRY COOK, Appellant.—85 S. W. (2d) 1024.

Division Two, September 3, 1935.

*Rubin L. Schlafman* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. W. Barnes,* Assistant Attorney General, for respondent.

LEEDY, J.—Under a verified information filed by the circuit attorney of the city of St. Louis, George Christup, *alias* Henry Cook was charged with robbery in the first degree by means of a dangerous and deadly weapon. His previous conviction of an aggravated robbery was alleged as a basis for additional punishment under what is commonly known as the Habitual Criminal Act. Upon a trial, he was convicted, and his punishment fixed at confinement in the penitentiary during the remainder of his natural life. After an unavailing motion for new trial, he appeals from the judgment rendered on the verdict.

In view of the disposition we find it necessary to make of the case, a skeletonized statement of the facts will suffice. The evidence on the part of the State tended to show that the Sturgis drug store is located at Tower Grove and Lafayette streets in the city of St. Louis, and that on the evening of December 27, 1932, at about seven o'clock, appellant entered said store and committed the holdup in question. Armed with, and flourishing an automatic revolver, he directed that the money in the cash registers be taken therefrom and delivered to him, which was done. About one hundred dollars ($100) was taken. The several persons in the store at the time included employees and customers, who were forced by appellant to line up behind the candy and cigar cases while the robbery was perpetrated. Appellant was positively identified. It was developed that the owner and employees had known him a considerable period of time, he having been a customer of the store. At the time of the robbery appellant's cheeks and nose were rouged and powdered, and his eyebrows penciled. When arrested the next day, rouge and an eyebrow pencil were found on his person. A written confession, made to the police officers, was introduced in evidence, by which appellant admitted his guilt. The defense was an alibi, in support of which cer-

tain testimony was offered, and which, if believed, was sufficient to establish the fact of his presence elsewhere at the time in question.

Appellant for a reversal of his conviction relies on the following propositions: (1) That he is not subject to prosecution as an habitual criminal; (2) That his purported extrajudicial confession was not voluntarily made, and the court, therefore, erred in admitting it; (3) That the court erred in giving Instruction No. 1.

■ I. The principal question in the case is whether it is within the Habitual Criminal Act. [Secs. 4461, 4462, R. S. 1929; 4 Mo. Stat. Ann., secs. 4461, 4462, pp. 3063-3066.] By the first section of the act just referred to, it is provided, "If any person convicted of any ·offense punishable by. imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, *shall be discharged, either upon pardon or upon compliance with the sentence,* and· shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows," etc. By the latter section, 4462, a conviction in another state, territory or foreign country for an offense which, if committed in this State, would be punishable by the laws of this State by imprisonment in the penitentiary, subjects the offender, upon subsequent conviction in this State, to punishment "in the same manner and to the same extent as if such first conviction had taken place in a court in this State."

■ The averments of the information (as amended), insofar as they relate to appellant's former conviction, are as follows: "That George Christup *alias* Henry Cook *alias* Perry I. Berry on the 12th day of June in the year of our Lord, one thousand nine hundred and thirty-one in the West Side Court of Denver, Colorado, was duly convicted of the offense of Aggravated Robbery and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the penitentiary at Canon City of the said State of Colorado for the term of 4 to 6 years, and was duly imprisoned in said penitentiary of the State of Colorado in accordance with said · sentence, and that the said George Christup *alias,* etc., *escaped from said penitentiary of the State of Colorado after having served part of said sentence,* etc."

On the trial, appellant admitted his former conviction, and escaped from the Colorado penitentiary, as above alleged. He contends the provisions of the Habitual Criminal Statute cannot be invoked against him, because he had never been discharged, either *upon pardon or upon compliance with his sentence.* Such was the holding in State v. Austin, 113 Mo. 538, 21 S. W. 31, wherein the court considered the sufficiency of an indictment under what is now Section 4461 (as amended in only one respect, not here necessary to notice). It was

there held: "The statute by its terms only subjects to this extreme punishment those who have been convicted of some offense punishable by imprisonment in the penitentiary or of petit larceny and *have been discharged, either by pardon or by compliance with the sentence,* hence, it is a material and essential averment that the felony charged was committed after a former conviction for an offense punishable by imprisonment in the penitentiary and a discharge, *either upon being pardoned or having complied with the sentence."* (Italics, the court's.) In that connection the court further said (l. c. 542): "Upon a prosecution under a statute in New York (2 Revised Statutes, sec. 8 (N. Y.), 699) containing the same provision, it was held that the indictment was insufficient because it failed to aver that the convict was discharged, *either by pardon or upon expiration of his sentence,* the court saying he might have escaped or been discharged on *habeas corpus* or the judgment arrested or reversed." (Italics, the court's.)

Likewise in State v. Manicke, 139 Mo. 545, 41 S. W. 223, the court held: "The indictment was drawn under this section, and its averments are in accordance therewith. It alleges the former conviction of defendant, his compliance therewith a*nd his discharge from prison. These were necessary allegations,* and without proof of them no conviction could have been had under that section." (Italics ours.) The more recent cases of this court give approval to the Austin and Manicke cases, and are to the same effect. [State v. Dalton (Mo.), 23 S. W. (2d) 1; State v. Schneider, 325 Mo. 486, 29 S. W. (2d) 698; State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760.]

The learned Attorney General, while taking no positive position respecting this assignment of error, suggests in his brief that if the Habitual Criminal Act is not applicable, then "certainly said act should be amended to include escaped convicts." However desirable such an amendment might be, it is the court's function to construe the law as it finds it. This statute has been on the books for more than a hundred years. It gives expression to the doctrine that the purpose of imposing punishment upon offenders is that their reformation may be thereby accomplished. The Legislature in restricting the act to those discharged, upon compliance or pardon, probably had in mind that an escape should not be subjected to the rigorous and more severe penalties provided for habitual offenders— those to whom punishment is not a deterrent—because his reformation was not complete. But whatever may have been the reason for the use of the particular words employed by the lawmakers, we are constrained to hold that the case, under the allegations of the information, is not within the act in question, it being manifest that its nonapplicability is not a distinction of construction, but the plain letter of the statute.

II. We find no error in the record respecting the admission of appellant's confession made to the police officers. A proper foundation for its admission was laid. The court, out of the presence and hearing of the jury first heard evidence, pro and con, touching the circumstances under which the confession was made. From the testimony of the police officers in whose presence the statement was taken, the free and voluntary nature of the confession was made to appear, and this notwithstanding appellant's own testimony to the effect that he had been beaten and maltreated, and promised immunity. The evidence on the part of the State was sufficient, and when taken in connection with the cautionary instruction on the subject given by the court, we think appellant in no position to complain. It cannot be contended that the mere fact it was made while appellant was in custody renders the confession inadmissible. [State v. Hoskins, 327 Mo. 313, 36 S. W. (2d) 909, and cases cited.]

III. In view of our holding that the Habitual Criminal Statute does not apply, it becomes unnecessary to notice the third and final assignment relating to an instruction which told the jury that such issue was foreclosed in favor of the State by appellant's formal admission of his prior conviction. For the error hereinabove pointed out, the judgment is reversed and cause remanded. All concur.