STATE OF MISSOURI, Respondent, v. FLOYD GEORGE STEGALL, Appellant, No. 41695—226 S. W. (2d) 720.

Division One, February 13, 1950.

*Robert A. McIlrath* for appellant.

32

*J. E. Taylor*, Attorney General, and *John E. Mills*, Assistant Attorney General, for respondent.

CLARK, P. J.—The prosecuting attorney of St. Francois County filed an information in the circuit court charging appellant and one Patt with stealing 5800 pounds of iron and steel scrap metal of the value of $125.00 from the Bonne Terre Foundry Company, a corporation.

Appellant was granted a severance. His case was tried to a jury which returned a verdict of guilty and assessed his punishment at imprisonment in the penitentiary for a term of two years. He appeals from the ensuing judgment and sentence and contends that the trial court erred in the following particulars:

1. In admitting in evidence statements of defendant, both oral and written, over his objection that they were involuntary;

2. In permitting proof of three separate acts of asportation in order to make proof of grand larceny;

3. In failing to instruct on petit larceny;

4. In permitting proof of the value, instead of market value, of the property taken.

The State's evidence was that, after being notified that the property had been taken, officers of the State Highway Patrol made an investigation and learned that appellant and Patt had hired another man to transport a truck load of scrap metal from Patt's home to St. Louis. The police of that city were notified and arrested appellant and Patt after they had sold the metal to a dealer and had received a check for $128.00 in payment. Appellant and Patt were returned to St. Francois County and delivered to officers of the Highway Patrol. They were then taken to the foundry where they admitted the theft and stated that they used a small truck to take two loads of scrap metal to Patt's home one night and one load the next night; that Patt's home was about two miles from the foundry; that they employed another man to take them and the metal to St. Louis where they sold the metal and received the check for $128.00 in payment. After the two men were questioned at the foundry they were taken to the home of Sergeant White of the Highway Patrol. This home was also used as an office where troopers of the Patrol received instructions and left reports. Here the statements of appellant were reduced to writing by a trooper, read to appellant, read by him, and then signed by him.

When these statements were offered in evidence appellant's counsel objected on the ground that they were not voluntarily made. The judge heard evidence out of the presence and hearing of the jury. Appellant testified that, while he was in custody of the Patrol and before the statements were made, Sergeant White jerked him out of a car, struck him four or five times and called him a vile name. He said this was in the presence of four officers of the Patrol, a deputy sheriff and his co-defendant Patt. Sergeant White and the

other officers testified that no violence or harsh treatment was offered to appellant and that he was not called a vile name. Patt did not testify. Appellant admitted that the officers told him that anything he might say could be used against him, and that he had a right to have a lawyer. He also admitted that before he signed the statement an officer told him he could make any corrections or changes he desired to make. He did not testify that any threats or promises ▮▮▮ were made to him. The questioning and taking of the statements consumed about thirty minutes.

The court ruled that the statements were admissible in evidence, the jury was recalled and heard the statements as well as substantially the same testimony which had been given outside their presence and hearing. Apparently both the judge and the jury were satisfied that the statements were voluntary and certainly the evidence justifies that belief.

We hold that the court did not commit error in receiving appellant's statement in evidence. [State v. Christup, 337 Mo. 776, 85 S. W. (2d) 1024; State v. Pillow, (Mo.) 169 S. W. (2d) 414.]

▮▮ The metal taken by appellant and his accomplice consisted of three small truck loads, two taken one night and one the next night. It was all taken to Patt's home and deposited in one pile; then all transported in one large truck load to St. Louis and sold.

Under the evidence the taking constituted but one transaction, as the result of one intent, and it was not error to charge the entire transaction in one count as a single larceny. [52 C. J. S., Larceny, secs. 53, 60; McClain, Criminal Law, sec. 551; State v. Wagner, 118 Mo. 626, 24 S. W. 219.]

▮▮ For the reasons stated in the preceding paragraph, no error was committed in failing to instruct on petit larceny on the theory that the taking of each of the three small truck loads constituted a separate offense. The uncontradicted evidence showing the value of the property taken to be over $30.00, an instruction on petit larceny would have been improper. [State v. Smith, 357 Mo. 467, 209 S. W. (2d) 138.]

▮▮ The value of the property taken was proved to be well over $30.00, by the amount appellant and his accomplice received for it and by three witnesses who had years of experience in buying and handling that kind of property. As these witnesses testified to the reasonable market value, we are unable to understand appellant's objection to their testimony.

This case was fairly, carefully and properly tried. Appellant's admissions were corroborated by other facts and circumstances. The proof is sufficient to support the verdict. We find no error and the judgment is *affirmed*. All concur.