69 N.J. Super. 105 (1961)
173 A.2d 575
STATE OF NEW JERSEY, RESPONDENT,
v.
HERBERT V. DECKERT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Camden County Court, Law Division.
Decided August 25, 1961.
*106 Mr. Richard R.S. Carroll, Assistant Prosecutor, argued the cause for the respondent (Mr. Norman Heine, Camden County Prosecutor, attorney).
Mr. Frank E. Vittori argued the cause for the appellant.
MARTINO, J.C.C.
The defendant appeals from the mandatory sentence provided by N.J.S.A. 39:4-50 (driving a motor vehicle under the influence of intoxicating liquor). He was arrested on March 19, 1961 for violating N.J.S.A. 39:4-50. Before he was tried for the first offense he was again arrested and charged with violating the same statute on March 30, 1961. He was tried for the first offense on April 26, 1961, and convicted on that date. Subsequently he was tried for the offense of March 30, 1961, and was found guilty on May 10, 1961. The defendant contends that he could not be penalized as a second offender because the second offense occurred before his conviction for the first. Counsel has been unable to cite any authority for the position he assumes directly on point in this jurisdiction but argues that the apposite question has been decided in other jurisdictions. The appeal is directed only to the sentence imposed.
The statute for construction contains the following text:
"A person who operates a motor vehicle while under the influence of intoxicating liquor or a narcotic or habit producing drug, or permits another person who is under the influence of intoxicating liquor or a narcotic or habit producing drug to operate a motor vehicle owned by him or in his custody or control, shall be subject, for a first offense, to a fine of not less than two hundred nor more than five hundred dollars ($500.00), or imprisonment for a term of not less than thirty days nor more than three months, or both, in the discretion of the magistrate, and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period *107 of two years from the date of his conviction. For a subsequent violation, he shall be imprisoned for a term of three months and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of ten years from the date of his conviction * * *." (Emphasis added.) L. 1952, c. 286.
The expression "for a first offense" referred to in the first sentence of the aforesaid statute undoubtedly refers to a conviction, for until a conviction is obtained there certainly cannot be imposed a penalty. In the second sentence of the same statute the expression "for a subsequent violation" must mean for a conviction of a subsequent violation, since punishment provided therein is not predicated upon the mere violation without conviction.
The preponderance of authority supports the view that the prior conviction, in order to be available for imposition of increased punishment, must precede the commission of the principal offense, that is, the latest prosecution in point of time. The philosophy inherent in this theory is that the Legislature in enacting such statutes intended them to serve as a warning to first offenders and to afford them an opportunity to reform and that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violating the law after conviction of previous infractions. Numerous cases have decided the construction of statutes enhancing the penalty for second and subsequent offenses and it is generally held (although there is some authority to the contrary) that such statutes are to be construed as meaning that the second offense, in order to be available for the purpose of increasing the penalty, must have been committed subsequently to the commission and conviction of the first offense. 24 A.L.R.2d 1248-1252.
N.J.S.A. 39:4-50, before it was amended, read as follows:
"No person shall operate a motor vehicle while under the influence of intoxicating liquor * * * Any person who shall violate this provision shall, upon conviction thereof for a first offense, be subject *108 to a fine of not less than two hundred dollars ($200.00) or more than five hundred dollars ($500.00), or to imprisonment for a term of not less than thirty days, and not more than three months, or both * * *. Any person who shall violate this provision, having been convicted of a previous violation thereof, shall be imprisoned for a term of three months and * * *." L. 1931, c. 171, s. 9 (Emphasis added.)
In reaching the meaning of amendatory language contained in a statute the court must look to the prior law, the matter deemed to require correction thereunder and the remedy enacted. It is axiomatic that statutory language is to be construed with the context of the whole statute, its purposes and the circumstances under which the words were employed, and to be given the generally accepted meaning unless the contrary intent is clear. It is settled that the courts will not construe a clause in a statute in such a manner as to charge the Legislature with rendering impotent the clear intent of the whole act. State v. McCall, 14 N.J. 538 (1954). There appears to be one case in this State which had occasion to pass upon the word "offense." This arose under a construction of that term under the Hobart Act, L. 1922, p. 615. In that case our Supreme Court in construing the word "offense" stated that, "[An] `offense' took place when the alleged criminal act was committed irrespective of the time of conviction or the plea of guilty * * *." State v. McCormick, 104 N.J.L. 288 (Sup. Ct. 1928). It is assumed that our Legislature in amending this statute was aware of a judicial construction of words used by it in preparing the amendment. While the objective of the philosophy which underlines the principle which the majority of the jurisdictions have established on this question is meritorious, it is the court's function in construing a statute to ascertain therefrom the intention of the Legislature. Such intention might be garnered from examining existing judicial expressions similar in principle or objective. State v. McCormick, supra.
Mr. Justice Schettino, while a member of the Appellate Division, had occasion, in a dissenting opinion, to refer to *109 the word "subsequent" referred to in N.J.S. 2A:85-12, which word he felt expressed a relationship to the prior conviction rather than to the prior offenses themselves. However that reference was made to a statute which uses the word "conviction" as a basis for its application. State v. McCall, 27 N.J. Super. 157 (App. Div. 1953), 14 N.J. 538, supra.
A further insight into the intention of the Legislature can be gathered from the concluding paragraph of the present statute. The Legislature specifically provided that, "A person who has been convicted of a previous violation of this section need not be charged as a second offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second offender." (Emphasis supplied)
The Legislature in the preparation of the amendment avoided the use of the phrase "been convicted of a previous violation" and this omission appears to be with deliberation.
This court concludes that the defendant's position is untenable. The sentence of the court is that he be committed to the county jail for a period of three months and forfeit his right to operate a motor vehicle for a period of ten years from the date of this conviction and pay the costs of this appeal.