97 N.J. Super. 510 (1967)
235 A.2d 485
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY HARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided November 16, 1967.
*511 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. E. Robert Levy, assigned counsel, argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by LEWIS, J.A.D.
Defendant Harry Harris appeals from an order of the Passaic County Court which denied his petition for post-conviction relief. The critical issue involves the interpretation of the Fourth Offender Act, N.J.S. 2A:85-12.
The facts are as follows: defendant's first conviction was in 1945 for atrocious assault and battery and attempted robbery. In 1948 he was convicted of burglary and assault with intent to rape. He was subsequently, September 21, 1961, found guilty of breaking and entering and larceny; those offenses were committed on April 28, 1961. While incarcerated on the third conviction, Harris was brought to trial for breaking, entering and larceny committed on April 27, 1961. He was convicted on January 26, 1962. Prior to the imposition of sentence thereon, the trial judge directed the prosecutor to file an accusation under N.J.S. 2A:85-13 *512 charging defendant to be a fourth offender since he had, on three prior occasions, been convicted of high misdemeanors in the courts of New Jersey. In March 1962 he was adjudicated a fourth offender and sentenced as such for a term of 15 to 20 years in State Prison. Defendant did not appeal.
Defendant filed his application for post-conviction relief on May 13, 1965. He pointed out that his fourth conviction was for an offense committed before his third conviction, and therefore he was not a fourth offender within the meaning of N.J.S. 2A:85-12. He argues that a conviction as a fourth offender must be based upon an offense committed after the third conviction. We agree and hold that the trial court should have granted defendant's application for post-conviction relief.
N.J.S. 2A:85-12, in pertinent part, reads:
"Any person convicted on three separate occasions of high misdemeanors in this State * * * and who thereafter is convicted of a misdemeanor or a high misdemeanor under the laws of this State, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, may impose upon the person so convicted a sentence in the State Prison for any term of years or for life."
In State v. McCall, 14 N.J. 538 (1954), our Supreme Court had the occasion to review the history of, and construe the above-quoted statute, together with N.J.S. 2A:85-8 (second offense) and 2A:85-9 (third offense). It held that the intent of the Legislature was to enhance the penalty for subsequent convictions only if they were based on subsequent offenses. The philosophy of the statute was to take "into consideration the persistence of the defendant in his criminal course." Id., at page 546. Note also, the observation of Justice (then Judge) Schettino, in his dissenting opinion for the Appellate Division in McCall: "I had thought that statutes of this kind contemplated a life sentence for an offender who had demonstrated that previous convictions had had no corrective influence." State v. McCall, 27 N.J. Super. *513 157, 173-174 (App. Div. 1953); cf. State v. Deckert, 69 N.J. Super. 105, 108-109 (Cty. Ct. 1961).
The underlying purpose and objective of the Multiple Offender Act, as enunciated in the McCall decisions, is in accord with the rule followed in nearly all other jurisdictions. See Annotation, "Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes," 24 A.L.R.2d 1247 (1952), and 3 A.L.R.2d, Later Case Service, 728 et seq. The State relies heavily upon Castle v. Gladden, 201 Or. 353, 270 P.2d 675 (Sup. Ct. 1954), wherein it was declared that it was not necessary that the fourth offense follow the third conviction. However, we find that case to be clearly distinguishable. There the statutory language, unlike that in New Jersey, evidenced a legislative intent not to require the fourth offense to be subsequent to the third conviction.
The State also argues: "As a third offender  assuming the force of defendant's argument that he was not a fourth offender  the sentencing court here could have imposed as punishment three times the maximum of 10 years, or 30 years," N.J.S. 2A:85-9, and, therefore, the alleged error in the sentence imposed by the trial court was harmless.
Defendant was sentenced under the assumption that he was a fourth offender. We cannot say that the trial judge would have imposed the same penalty if he knew that defendant was to be sentenced as a third offender.
Accordingly, the matter is reversed and remanded for appropriate proceedings and resentencing of defendant as a third offender.