107 N.J. Super. 215 (1969)
257 A.2d 746
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD J. CAIN, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Criminal Division.
Decided October 8, 1969.
Mr. Charles H. Landesman, Deputy Attorney General, presented the cause for the State of New Jersey (Mr. Edward J. Wilson on the brief).
Mr. Daniel J. Carluccio presented the cause for defendant-appellant (Messrs Citta, Gasser & Carluccio, attorneys).
McGANN, J.C.C.
This is an appeal from defendant's conviction in the Freehold Township Municipal Court for violating N.J.S.A. 39:4-50(a), operating his vehicle while *216 under the influence of intoxicating liquor. After a hearing de novo defendant was found guilty as charged. This opinion concerns itself solely with the sentence to be imposed. The background chronology is as follows:
On October 4, 1968 defendant was arrested and charged with this violation in Freehold Township. On February 22, 1969 he was arrested and charged with committing the same violation in Brick Township. On March 18, 1969 he entered a plea of guilty to the Brick Township offense and was fined $200 plus costs, and his license was revoked for a period of two years as provided by the statute. Subsequently, on June 2, 1969, he was tried before the Freehold Township Municipal Court and found guilty of the Freehold Township offense, for which he was sentenced to a term of three months in the county jail and revocation of driving privileges for a period of ten years as a subsequent violator under the statute.
Upon the determination of guilt by this court on the appeal from the Freehold Township violation, defense counsel argued that it was inappropriate to sentence defendant as a subsequent violator. Opportunity was given to counsel and to the Attorney General to brief the question of the propriety of the punishment to be imposed.
The legislative history concerning the added penalty to be imposed on a subsequent violator of our drunk driving statute was reviewed in detail by Judge Martino sitting in the Camden County Court. State v. Deckert, 69 N.J. Super. 105 (1961). That opinion recognized the majority rule that, ordinarily, added penalties are imposed for the commission of a second offense where that offense had been committed after the defendant's conviction of a prior offense. 24 A.L.R.2d 1248; State v. Harris, 97 N.J. Super. 510 (App. Div. 1967). Defendant argues that since the offense under consideration was committed prior to both the commission and conviction of the Brick Township offense, he cannot be sentenced as a "subsequent violator." State v. Deckert, supra, points out that our legislative policy concerning penalties for driving while intoxicated clearly runs contrary to the majority *217 rule; that under N.J.S.A. 39:4-50(a) it is not necessary that the second offense be committed after conviction for the first offense; it is sufficient if there are two convictions regardless of the sequence of the offenses. That conclusion seems entirely logical since, in this case, to accept defendant's contention would lead to the result that, because of a happenstance in the timing of the decision in each of his cases, he would have been found guilty of violating N.J.S.A. 39:4-50(a) on two separate occasions and yet not have subjected himself to the mandatory subsequent violator provision. There can be no question but that had the offense first in time (Freehold Township) been disposed of first, on a conviction of the second offense in time (Brick Township) the mandatory subsequent violator penalty would have been appropriate. State v. Deckert, supra.
That being so and this offense being a subsequent conviction, the mandatory additional penalties provided by the Legislature are applicable. The sentence of the court is that defendant be committed to the Monmouth County jail for a period of three months and forfeit his right to operate a motor vehicle for a period of ten years from the date of the judgment of conviction and pay costs on appeal of $25.