109 N.J. Super. 69 (1970)
262 A.2d 238
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS A. JOHNSON, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1969.
Decided February 25, 1970.
*70 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Edward P. Hannigan, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Robert L. Podvey, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County *71 Prosecutor, attorney; Mr. David S. Baime, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
The principal question raised on this appeal is whether a defendant convicted of violating the Uniform Narcotic Drug Law (N.J.S.A. 24:18-1 et seq.) may be punished as a second offender under N.J.S.A. 24:18-47(c)(2) when the second violation occurred, and the indictment based thereon was entered, prior to his first conviction under the act. We hold that he may not.
Defendant appeals through the Public Defender from a 5-6-year State Prison sentence imposed upon him as a second offender under N.J.S.A. 24:18-47(c)(2) after he had pleaded guilty to a charge of unlawful possession of a narcotic drug (N.J.S.A. 24:18-4). Defendant had twice violated the Uniform Narcotic Drug Law. The first offense occurred in November 1966 and resulted in Essex County Indictment 1237-66, and the second in February 1967, resulting in Essex County Indictment 1319-66. He was tried on the former, found guilty, given a suspended 2-3-year sentence and put on probation for three years. He subsequently pleaded guilty to the latter indictment and received the sentence here under review. The following clarifies the chronology of events:
 Indictment No. 1237-66 Indictment No. 1319-66
 November 23, 1966  Violation
 (possession of narcotic drug);
 released on bail
 February 13, 1967  Violation
 (possession of narcotic drug)
 March 9, 1967  Indicted
 March 20, 1967  Pleaded
 not guilty
 March 21, 1967  Indicted
 April 10, 1967  Pleaded
 not guilty
 April 13, 1967  Released
 on own recognizance
*72
 May 22, 1967  Convicted
 after jury trial
 June 21, 1967  Sentenced to
 serve from two to three years;
 sentence suspended; put on probation
 for three years
 September 30, 1968  Pleaded
 guilty
 October 31, 1968  Sentenced
 to from five to six years as a
 second offender
Defendant received no notice that he was to be sentenced as a second offender, either by way of accusation or otherwise. The sentencing judge made it clear that he imposed the sentence he did because he felt bound by the provisions of N.J.S.A. 24:18-47(c)(2), stating:
The Legislature feels that people who violate the narcotics laws should be sent to jail. * * * Knowing this to be the Legislative policy and knowing that you are not a single violator but rather a second offender for the same particular offense, I cannot justify any action on my part in not imposing a custodial sentence in view of that provision of the law which binds me. * * *

I
Defendant first contends that he was improperly sentenced as a second offender because his second offense was committed before his conviction on the first offense. This question was not expressly raised below, and is therefore projected as plain error.
N.J.S.A. 24:18-47 provides that any person
(c) Who violates any other provision [of the Uniform Narcotic Drug Law] shall be guilty of a high misdemeanor and shall be punished as follows:
(1) for a first offense, by a fine not exceeding $2,000.00 and by imprisonment, with hard labor, for a term of not less than 2 years nor more than 15 years;
(2) for a second offense, by a fine not exceeding $5,000.00 and by imprisonment, with hard labor, for a term of not less than 5 years nor more than 25 years;

* * * * * * * *
*73 In case a person charged with a violation of any of the provisions of this chapter shall have been previously convicted of a violation of the laws of the United States or of any other State, territory or district relating to narcotic drugs, such previous conviction shall for the purpose of this section, be deemed a first or second offense as the case may be.
A more severe punishment on conviction for a second offense is deemed highly penal and therefore must be strictly construed. United States v. Lindquist, 285 F. 447, 448 (D.C.W.D. Wash. 1921); State v. Meinken, 10 N.J. 348, 352 (1952). Moreover, it is firmly established that the erroneous sentencing of a person as a second offender may constitute plain error, even through the sentence imposed does not exceed the maximum allowed for a first offense. State v. Booker, 88 N.J. Super. 510 (App. Div. 1965).
Defendant contends that the word "offense," as used in the cited statute, must be read as referring to a conviction if it is to provide a basis for enhancing punishment as a second offender  this in contrast to the alternative construction whereby a person who had violated the Uniform Narcotic Drug Act on successive dates would be punishable as a multiple offender, emphasis being placed on the time of commission rather than on the time of conviction. Our problem is therefore one of statutory construction.
We are referred by the parties to cases based on different, if similar, statutes providing, for example, for enhanced punishment for multiple violations of drunken driving statutes, federal narcotic laws, or habitual offender acts. Thus, a distinction between the commission of and the conviction for an offense was made in Holst v. Owens, 24 F.2d 100 (5 Cir.1928), in construing the multiple offender section of the former National Prohibition Act, 27 U.S.C.A., § 46. The court, in referring to successive "offenses" rather than "convictions," pointed out that
It cannot legally be known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction *74 for a first offense. Likewise, a third or any subsequent offense implies a repetition of crime after each previous conviction. [at 101]
See also, Singer v. United States, 278 F. 415, 420 (3 Cir.1922), dealing with the same statute; Annotation, "Chronological or procedural sequence of former convictions as affecting enhancement of penalty for subsequent offense under habitual criminal statutes," 24 A.L.R.2d 1247, 1249, 1252 (1952), and 3 A.L.R.2d, Later Case Service 728 (1965), stating this as the majority view.
State v. Deckert, 69 N.J. Super. 105 (Cty. Ct. 1961), on which the State relies, is not relevant. The court there held that N.J.S.A. 39:4-50, dealing with persons convicted of drunken driving and providing for an increased penalty for second offenders, did not require that a conviction for a first violation precede a second violation in order for the second violation to carry with it the increased penalty. The decision was based upon a change in the wording of the statute by the amendment effected by L. 1952, c. 286. The statute had originally read, in pertinent part:
* * * Any person who shall violate this provision shall, upon conviction thereof for a first offense, be subject to [a fine or imprisonment, or both] * * *. Any person who shall violate this provision, having been convicted of a previous violation thereof, shall be imprisoned * * *. [L. 1931, c. 171, § 9; emphasis added]
The 1952 amendment read, in pertinent part:
A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject, for a first offense, to [a fine or imprisonment, or both] * * * For a subsequent violation, he shall be imprisoned * * *.
Although the amendment deleted the words "having been convicted of a previous violation thereof," it inserted the clause "who has been convicted of a previous violation" in a subsequent paragraph having to do with the contents of a complaint charging a second violation. The Deckert court apparently took this as another indication that the deletion *75 was not a mere inadvertence, stating (at 109) that "The Legislature in the preparation of the amendment avoided the use of the phrase `been convicted of a previous violation' and this omission seems to be with deliberation."
Since we have nothing by way of legislative history or successive amendments to guide us, we must analyze the intent and purpose of the language of N.J.S.A. 24:18-47(c) in terms of the most plausible or reasonable end to be accomplished. If the statute is considered as essentially punitive and repressive, then it may be argued that it is the mere commission of the offense that is critical, and enhanced punishment would therefore be justified. On the other hand, if one accepts the more modern view that our system of criminal justice is aimed equally at rehabilitating offenders, then it would not be appropriate to sentence an accused as a second offender before he had had an opportunity to amend his ways after initial confrontation with the courts of law.
As noted above, the great weight of authority in the United States appears to support the latter view. Interestingly enough, the court in Deckert recognized this when it said:
The preponderance of authority supports the view that the prior conviction, in order to be available for imposition of increased punishment, must precede the commission of the principal offense, that is the latest prosecution in point of time. The philosophy inherent in this theory is that the Legislature in enacting such statutes intended them to serve as a warning to first offenders and to afford them an opportunity to reform and that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violating the law after conviction of previous infractions. * * *. [69 N.J. Super. at 107]
Gonzalez v. United States, 224 F.2d 431 (1 Cir.1955), was a case arising under the Federal Narcotics Act of November 2, 1951, 21 U.S.C.A. § 174, and dealt with a fact situation paralleling the one here involved. Gonzalez had been arrested for violating the narcotics law, pleaded *76 guilty to the charge on February 12, 1952, and was released on bail. He committed other violations of the narcotics law at various times between May 23 and June 25, 1952. On July 29, 1952, following his re-arrest for these violations, he was sentenced to a five-year term as a first offender for the violation to which he had pleaded guilty in February. In September 1952 he was sentenced to serve a term of ten years for the May-June violations as a second offender.
21 U.S.C.A. § 174, under which the indictments were brought, read, in pertinent part:
(c) Whoever * * * receives, conceals, buys, sells * * * any such narcotic drug * * * in violation of the laws of the United States, shall be fined * * * and imprisoned not less than two years or more than five years. For a second offense, the offender shall be fined * * * and imprisoned not less than five or more than ten years. For a third or subsequent offense, the offender shall be fined * * * and imprisoned not less than ten or more than twenty years. Upon conviction for a second or subsequent offense, the imposition or execution of sentence shall not be suspended and probation shall not be granted. For the purpose of this subdivision, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subdivision * * *.
The court held that to justify the imposition of a second offender sentence the prior conviction (of July 29, 1952) must have been entered before the commission of the May-June offenses for which Gonzalez was now being punished. The matter was remanded to the District Court for resentencing.
In arriving at its decision, the court (Magruder, C.J., Biggs and Woodbury, JJ.) discussed the reformation and retribution theories of punishment underlying the practice of imposing a more severe punishment on multiple offenders. The court said:
* * * If the purpose of subsequent offender statutes is to deter criminal conduct, we can see no reason why the increased penalties should not be applied to any subsequent offense whether or not there has been an intervening conviction and sentence since presumably *77 a greater penalty would be required to deter a repetition of criminal activity by an offender who has not been convicted previously than to deter repetition by the offender who has been subjected to the corrective impact of conviction and sentence. If, on the other hand, subsequent offender statutes are intended to reform the offender and deprive him by reason of his incarceration of the opportunity for continued criminal conduct, then such statutes would seem to apply properly only to offenders convicted prior to the subsequent offense, for the repetition of criminal activity after conviction would show the inadequacy of a first-offender penalty to perform this function and the need of increased penalties. If the purpose be "to vindicate the law," as the Supreme Court put it, such statutes apparently would be applicable only to those convicted prior to the later offense because the social demand for increased penal sanctions would be directed primarily at the recidivist and not at an individual who had repeatedly committed offenses condemned by the statute but who had never been brought to the bar of justice. [224 F.2d at 433]
We cannot overlook the final paragraph of N.J.S.A. 24:18-47 which we reproduce here for convenient reference:
In case a person charged with a violation of any of the provisions of this chapter shall have been previously convicted of a violation of the laws of the United States or of any other State, territory or district relating to narcotic drugs, such previous conviction shall for the purpose of this section, be deemed a first or second offense as the case may be. [Emphasis added]
This provision clearly evinces a legislative intent to require that a conviction for a prior violation precede an accused person's being charged with a second offense before bringing into play the enhanced penalty provisions, where the prior violation involved the laws of another state or the federal law. That the words "previously convicted" and "such previous conviction" in the final paragraph of N.J.S.A. 24:18-47 must be considered with respect to the date the person is charged is obvious, if for no other reason than that the quoted language offers no other temporal point of reference. It would be incongruous if this paragraph of the statute imposed a limitation which was not equally applicable to the paragraphs preceding it, particularly in view of the fact that its sole function is to place out-of-state and federal convictions on the same footing as New Jersey convictions. It *78 does no more than comport with justice and sensibility to apply an equivalent standard to local offenses.
As tangential support for his position, defendant notes the cases decided under the Habitual Offenders Act, N.J.S.A. 2A:85-8, 9 and 12. In the leading case of State v. McCall, 14 N.J. 538 (1954), the Supreme Court held that, within the meaning of the statute, a "subsequent offense" could only be an offense committed after a prior conviction, and emphasized that the essential evil to be combatted was recidivism. Patently, there can be no recidivism prior to conviction of a crime. Absent such a prior conviction, the sentencing court is unable to weigh the corrective influence of a first conviction. See State v. McCall, 27 N.J. Super. 157, 173-174 (App. Div. 1953). (dissenting opinion of Judge (now Justice) Schettino); and see State v. Harris, 97 N.J. Super. 510 (App. Div. 1967).
We therefore conclude that the sentencing judge committed plain error: defendant could not be sentenced as a second offender when the second offense occurred prior to his conviction for the first offense. We read the statute as intended to punish recidivism  the failure of a person to reform his ways after a prior conviction for his antisocial behavior  and not merely to provide increased punishment for multiple offenses. The problem is not that a person has committed two similar crimes, but rather that he has failed to restructure his life-style after having formally been punished.

II
Also raised as plain error on defendant's behalf is that the trial judge committed reversible error by failing to give him proper notice that he was to be charged as a second offender, or a reasonable opportunity to be heard on the matter. When defendant, on September 30, 1968, pleaded guilty to illegal possession of a narcotic drug on February 13, 1967, mention was made of the fact that he had earlier received a suspended sentence for a similar violation (i.e., *79 on June 21, 1967). This occurred in the course of defense counsel's request that defendant be released on bail  a request which was denied. When sentence as a second offender was imposed on October 31, 1968, defense counsel said:
Your Honor, I, frankly, am caught quite by surprise by the court's sentence. I did not realize that this man was charged as a second offender nor did I realize that as he was charged before this court his sentence is a mandatory imprisonment for the terms indicated by your Honor. I was of the opinion that he would have to be charged as a second offender.
I would, under the condition  if it is as the court stated, not have advised this man originally as I did advise him. I think he has grounds at this time to ask that he be given permission to retract his plea. I feel he may have grounds to appeal the sentence. So I would ask this court to set bail at this time pending an appeal.
Bail was set at $2,500.
Clearly, defendant was given no notice whatever as to the sentencing judge's intention to impose the enhanced penalty, and his counsel was not in a position to present his client's case adequately. Accordingly, what occurred comes squarely within the proscription in the holding of State v. Booker, above, which requires that, absent a charge in the indictment that defendant was a prior offender, an accused was not subject to enhanced punishment unless and until an accusation was filed against him charging him with a prior offense. Cf. State v. Taylor, 72 N.J. Super. 388 (Cty. Ct. 1962). Moreover, it must be recalled that defendant changed his plea to guilty to the second charge, presumably not recognizing the precariousness of his situation.
Judgment reversed and the matter remanded for resentencing defendant as a first offender.