**Edward P. KANE, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 7, 1974.

Richard M. Baumeister, Asst. Public Defender, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

MARVEL, Vice Chancellor:

The appellant in this case, who appeals from the denial by the Court below of his application for post-conviction relief under Superior Court Criminal Rule 35, Del.C. Ann., was arrested on February 5, 1971 on charges involving a number of alleged drug offenses, and was thereafter indicted on April 7, 1971 for the offense of possession, with intent to sell, of dangerous drugs, namely hashish and marijuana, 16

Del.C. § 4724, the offense involved having allegedly occurred on January 19, 1971. A second indictment also charging a violation of 16 Del.C. § 4724 for an offense allegedly occurring on February 5, 1971 was later handed down. As events transpired, however, appellant was tried and convicted on evidence relating to the second offense charged prior to his trial on charges contained in the first indictment. Following conviction on the charges made in such second indictment appellant was sentenced to a prison term of five years, all but three months of such sentence being suspended by the Trial Judge on April 21, 1972.

Trial of the charges made in the first indictment was thereafter held on November 15, 1972, at which appellant was also found guilty as charged. He was thereafter sentenced on March 8, 1973 on the basis of the substantiated charges made in the first indictment, and his sentence was drawn so as to include a mandatory prison term of three years, such sentence being required where there has been a previous conviction on a drug offense. See 16 Del.C. § 4730(1)(C) and (2)(A).

Defendant appeals from the mandatory sentence so imposed under the provisions of 16 Del.C. § 4730 and asks that this Court vacate such sentence and remand the case for resentencing.

The relevant portions of 16 Del.C. § 4730 provide as follows:

"§ 4730. Additional penalties for prior convictions

In any case in which a defendant has previous [sic] been convicted of any offense under the laws of this State, . . . involving the elements of possession, sale, attempt to sell, or possession with intent to sell a dangerous drug as those terms are defined in section 4701 of this title, the penalties set forth in sections 4722–4727 of this title shall be increased by adding the following respective additional years to the minimum and maximum terms of imprisonment.

(1) . . . the additional minimum and maximum terms applicable to the following respective sections shall be increased in accordance with the following table so that the minimum and maximum terms shall read respectively as follows:

.    .    .    .    .    .

(C) section 4724, of this title, not less than 7 nor more than 15 years.

.    .    .    .    .    .

(2) . . . the following portions of the minimum terms set forth in paragraph 1 of this section, . . . are mandatory minimum terms of. imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such portion of such minimum term:

(A) section 4724 of this title, 3 years."

A statute which imposes additional punishment on conviction for a second offense is obviously highly penal. As a consequence such a statute must be strictly construed, United States v. Lindquist, (D.C.W.D.Wash.) 285 F. 447, and State v. Johnson, 109 N.J.Super. 69, 262 A.2d 238.

In our opinion, the clear meaning of the phrase ". . . has previous [sic] been convicted of any offense . . ." is that a conviction and not a mere charge must have taken place in connection with a first offense prior to the imposition of additional penal sanctions flowing from a conviction on a second offense, there being no doubt in our minds that a conviction carries with it an element of finality not found in the word "offense", Holst v. Owens (CA 5) 24 F.2d 100.

The obvious intention behind the enactment of the above statutory provisions for mandatory prison terms following a first conviction on charges of possession of and/or sale of drugs is to serve as a warning to a first offender of the consequences of a second conviction, State v. McCall, 14 N.J. 538, 103 A.2d 376, and State v. Deckert, 69 N.J.Super. 105, 173

A.2d 575. "It cannot legally be known that an offense has been committed until there has been a conviction", Holst v. Owens, supra.

In our opinion, the Trial Judge in this case committed error in imposing a mandatory jail sentence based on 16 Del.C. § 4730 following appellant's conviction on the offense charged in the first indictment. Logically, the mandatory provisions of a second offender statute cannot be applied to a sentence for a first offense.

Accordingly, the mandatory sentence imposed in the case here on appeal must be vacated and the case remanded to the Trial Court for the resentencing of appellant in a manner not inconsistent with this opinion.