131 N.J. Super. 209 (1974)
329 A.2d 97
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD BOWMAN, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
October 17, 1974.
*210 Mr. Gregory S. Baxter for appellant (Messrs. Saling, Moore, O'Mara and Coogan, attorneys).
Mr. Russell Cottrell, Assistant Prosecutor, for respondent (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney).
McGANN, PATRICK J. JR., J.S.C., Temporarily Assigned.
Defendant-appellant Bowman challenges his sentencing by the Municipal Court of the Borough of Belmar as a second offender under § 2 of the Compulsory Motor Vehicle Insurance Law (N.J.S.A. 39:6B-2.)
On May 31, 1974 Bowman was charged in the Borough of Brielle with operating a motor vehicle without having the motor vehicle liability insurance coverage required by N.J.S.A. 39:6B-1. On June 2, 1974, in the Borough of Belmar, he was again issued a summons charging him with the same violation. On June 26, 1974 he pled guilty to the first violation and was fined. On August 28, 1974 he pled guilty to the second violation and was sentenced as a second offender to 90 days in the county jail plus costs of $15. It is his status as a second offender that he contests on this appeal.
N.J.S.A. 39:6B-2 in pertinent parts reads as follows:
Any owner * * * of a motor vehicle registered * * * in this State who operates * * * a motor vehicle upon any public road or highway in this State without motor vehicle liability insurance coverage required by this act * * * shall be subject, for the first offense, to a fine of not less than $50.00 nor more than $200.00 or imprisonment for a term of not less than 30 days nor more than 3 months or both, *211 in the discretion of the municipal judge, and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of 6 months from the date of conviction. Upon subsequent conviction, he shall be imprisoned for a term of 3 months and shall forfeit his right to operate a motor vehicle for a period of 2 years from the date of his conviction. * * *
A literal reading of the statute justifies the action of the municipal judge. The plea of guilty before him was a "subsequent conviction" for the same offense. Defendant-appellant argues that the rather severe penalty mandated by the statute is not deserved or legally appropriate. In his view "subsequent conviction" must be expanded to read "subsequent conviction of an offense which took place after a prior conviction for the same offense". He argues that such interpretation accords with a fundamental sense of justice and points to State v. Johnson, 109 N.J. Super. 69 (App. Div. 1970), as supporting that rationale.
The State agrees that the Johnson case does generally support that rationale, but distinguishes Johnson as applicable only to a criminal proceeding. The proper approach, in the State's view, is that set forth in the drunken driving cases, N.J.S.A. 39:4-50(a), to wit, State v. Guiendon, 113 N.J. Super. 361 (App. Div. 1971); State v. Cain, 107 N.J. Super. 215 (Cty. Ct. 1969), and State v. Deckert, 69 N.J. Super. 105 (1961). It argues that since the instant case involves an offense under the Motor Vehicle Act, the stricter and more literal construction of "subsequent violator" made in the above cited cases logically should be applied here.
In State v. Johnson, supra, defendant was sentenced as a second offender under the Narcotic Drug Law, for an offense which occurred prior to his first conviction. The statute involved provided that "for a second offense" the accused would be liable to enhanced punishment. The options available in construing legislative intent were expressed as follows by the court:
If the statute is considered as essentially punitive and repressive, then it may be argued that it is the mere commission of the offense *212 that is critical, and enhanced punishment would therefore be justified. On the other hand, if one accepts the more modern view that our system of criminal justice is aimed equally at rehabilitating offenders, then it would not be appropriate to sentence an accused as a second offender before he had had an opportunity to amend his ways after initial confrontation with the courts of law. [109 N.J. Super. at 75]
Significant impact was given by the court in Johnson to the concluding paragraph contained in the penalty section of the Narcotic Drug Law. The following appears:
We cannot overlook the final paragraph of N.J.S.A. 24:18-47 which we reproduce here for convenient reference:
In case a person charged with a violation of any of the provisions of this chapter shall have been previously convicted of a violation of the laws of the United States or of any other State, territory or district relating to narcotic drugs, such previous conviction shall for the purpose of this section, be deemed a first or second offense as the case may be.
This provision clearly evinces a legislative intent to require that a conviction for a prior violation precede an accused person's being charged with a second offense before bringing into play the enhanced penalty provisions, where the prior violation involved the laws of another state or the federal law. That the words "previously convicted" and "such previous conviction" in the final paragraph of N.J.S.A. 24:18-47 must be considered with respect to the date the person is charged is obvious, if for no other reason than that the quoted language offers no other temporal point of reference. It would be incongruous if this paragraph of the statute imposed a limitation which was not equally applicable to the paragraphs preceding it, particularly in view of the fact that its sole function is to place out-of-state and federal convictions on the same footing as New Jersey convictions. It does no more than comport with justice and sensibility to apply an equivalent standard to local offenses. [at 77]
The court also relied on State v. McCall, 14 N.J. 538 (1954), in which the Supreme Court had held that under the Habitual Offenders Act (N.J.S.A. 2A:85-8 et seq.) the words "subsequent offense" "could only be an offense committed after a prior conviction and emphasized that the essential evil to be combatted was recidivism. Patently, there can be no recidivism prior to conviction of a crime. Absent such a prior conviction, the sentencing court is unable to weigh the corrective influence of a first conviction," State v. Johnson, supra, 109 N.J. Super. at 78.
*213 Under the circumstances present in the Johnson case and under its analysis of the applicable criminal law, the court concluded as follows:
We therefore conclude that the sentencing judge committed plain error: defendant could not be sentenced as a second offender when the second offense occurred prior to his conviction for the first offense. We read the statute as intended to punish recidivism  the failure of a person to reform his ways after a prior conviction for his antisocial behavior  and not merely to provide increased punishment for multiple offenses. The problem is not that a person has committed two similar crimes, but rather that he has failed to restructure his life-style after having formally been punished. [at 78]
In the course of its analysis in the Johnson case the court adverted to State v. Deckert, supra, but distinguished its apparently opposite result  without disagreeing with the same  based on the statutory interpretation set forth therein.
State v. Guiendon, supra, involved a chronologically similar factual situation to the present one, albeit the charge was drunken driving in violation of N.J.S.A. 39:4-50(a). The facts there were these:
Defendant's first arrest for drunken driving was on December 28, 1969. Before he could be tried on that charge he was again arrested for drunken driving on February 6, 1970. He was then tried on the first charge on February 19, 1970 and found guilty. Trial on the second charge was held on April 27, 1970, and again defendant was found guilty. He was then sentenced as a second offender. [113 N.J. Super. at 363]
That conviction was affirmed. The Appellate Division recognized that theoretical dichotomy between State v. Johnson, supra, and State v. Deckert, supra, and affirmed the holding of Deckert:
However, the rationale of Deckert and the language of N.J.S.A. 39:4-50(a) are controlling. The statute first provides that a drunken driver shall be subject, "for the first offense," to a fine of $200 to $500, imprisonment for 30 days to 3 months, or both, and suspension of his driver's license for 2 years from the date of his conviction or *214 until he reached 21, whichever was the greater period of time. The statute then goes on to state that, "for a subsequent violation," imprisonment shall be for three months and the driver's license forfeited for ten years  mandatory language. The use of the words "for a subsequent violation" distinguishes the drunken driving statute from one considered in Johnson. [at 364]
It is apparent, then, that had the Legislature used the phrase "Upon a subsequent violation" rather than "Upon a subsequent conviction" in N.J.S.A. 39:6B-2, this court would have no conceptual difficulty in applying the Deckert rationale to the instant case. Both drunken driving and failure to have the mandated liability insurance are violations of the motor vehicle laws rather than criminal acts. The penalties for second offenses in each case are relatively severe but obviously intended to be so by the Legislature. There would be little "compulsion" to the Compulsory Motor Vehicle Insurance Law unless a jail term of some duration were mandated  at least for a second offense, if not for the first. In other words the public policy indication is firm and strong.
What legislative intent, if any, should this court read into the use of the word "conviction" rather than "violation"? In theory, when it enacted the Compulsory Motor Vehicle Insurance Law, the Legislature had in mind the principles of State v. Guiendon, supra, and State v. Johnson, as well as its prior enactment of N.J.S.A. 39:4-50(a).
As pointed out in State v. Deckert, supra, the phrase in the drunk driving statute, "for a subsequent violation," must be read to mean "for a conviction of a subsequent violation" since punishment is imposed only upon conviction and not on a violation without a conviction. I find that "for a conviction of a subsequent violation" is the equivalent for "Upon subsequent conviction".
Had the Legislature wished to change what is the clear meaning of the statutory language it could have. It did not. In view of the rather close attention given by the judicial branch to the question of legislative intent under the *215 drunken driving statute and the subsequent enactment of the similar penal provisions in the Compulsory Motor Vehicle Insurance Law, the legislative oversight appears deliberate.
This court concludes that under N.J.S.A. 39:6B-2, when defendant was sentenced for the second offense, he was being sentenced for a "subsequent conviction" within the intendment of the statute; that the sentence imposed was mandatory and proper. The sentence is accordingly affirmed.
Appellant raises an additional point. He argues that his first plea of guilty was made without benefit of counsel and that there was no formal showing at the time of his second conviction that he had intelligently waived his right to counsel at the first hearing. It must be observed that those allegations are outside the record upon which this appeal is based. R. 3:23-8(a); State v. Horn, 120 N.J. Super. 203 (App. Div. 1972). That argument is not cognizable by this Court.
If it were, it would have no merit. The Sixth Amendment right to counsel is applicable to criminal prosecutions. There is no case cited to the Court which equates a motor vehicle violation to a criminal prosecution for Sixth Amendment right-to-counsel purposes. See State v. Koch, 118 N.J. Super. 421 (App. Div. 1972). Cf. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
The Prosecutor will submit the formal judgment within ten (10) days.