**Joseph W. WASHINGTON, Petitioner-Appellee,**

v.

**Vincent J. REGAN, Superintendent of Leesburg State Prison, Respondent-Appellant.**

No. 74–1598.

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1975.

Decided Feb. 10, 1975.

---

William F. Hyland, Atty. Gen. of N. J., Trenton, N. J., Lowell Espey, Deputy Atty. Gen., Div. of Criminal Justice, East Orange, N. J., for respondent-appellant.

Norman L. Zlotnick, Perskie and Callinan, P. A., Wildwood, N. J., for petitioner-appellee.

Before ALDISERT, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

This is a habeas corpus case in which the United States District Court ordered that a state prisoner's sentence be vacated and that on resentencing in the state court the trial judge give the reasons for his action. At the time a prison term was originally imposed, the defendant was classified as a multiple offender under New Jersey law, but after discovering that such a designation was erroneous, the state court resentenced the defendant to the same period of incarceration. Because we find on the record here that the state court procedure did not violate due process, there was no basis for federal intervention, and we vacate the order of the district court.

1. Under New Jersey practice, an accusation is similar to an information used in the federal system. *See* R.R. 3:7 et seq.

On June 17, 1968, the defendant Washington was convicted in the New Jersey Superior Court on counts of resisting arrest as well as possession and control of narcotics under N.J.S.A. § 24:18–4. On December 2, 1968, he was sentenced to a prison term for those offenses.

On October 14, 1969, the defendant was again convicted of a narcotics offense which occurred on August 28, 1968 —after the jury verdict in the first trial but before he was sentenced in that proceeding. As a result of the second conviction, an "accusation"[1] was issued against Washington, citing him as a multiple offender under the New Jersey Narcotics Offenders Act, N.J.S.A. § 24:18–47(c)(2). He was found guilty of that "accusation" on January 8, 1970, and on January 23, 1970, received a five to ten year sentence (five years being the mandatory minimum which could be imposed under that multiple offender statute). The state trial judge commented at the time of sentencing:

"However, for the second violation of the narcotics statute, I have no discretion about the first five years because that is a mandatory minimum for a second violation . . . ."

After further discussion of defendant's conduct, the judge said:

"I'm satisfied that substantial punishment should be meted out in this case. It may be substantial or more than the defendant anticipates, but I think it's very fair and very reasonable under the circumstances."

Approximately one month later, on February 25, 1970, the New Jersey Superior Court decided State v. Johnson, 109 N.J.Super. 69, 262 A.2d 238 (App.Div. 1970). That case held that, under the New Jersey Narcotics Offenders Act, a defendant could not be sentenced as a second offender when the second offense occurred before the date of his first conviction.[2]

2. There is some question in our minds that the *Johnson* rule applied to the petitioner here. However, since that is a matter of

On learning of the *Johnson* decision, the sentencing court, *sua sponte,* ordered a hearing for resentencing of defendant Washington which was duly held on March 23, 1970. After the defendant and his counsel were heard, the court commented:

> "Mr. Washington, I have spent a lot of time on this matter only because I was trying to seek some justification to satisfy my conscience that I ought to reduce or change the sentence completely . . . My attitude is that the consideration to be given now is not different than what it was in January. As Mr. Epstein [defendant's counsel] mentioned, the statute permits me to sentence you now, not as a multiple offender, to a period of not less than two years and not in excess of fifteen years, plus a $2,000 fine. However, again reviewing the [presentence] report, I see no reason why I should change that sentence. What is there today that is different than what it was in January, Mr. Washington?"

Defendant then claimed progress toward rehabilitation, and his counsel pointed out that, legally, Washington was no longer a multiple offender. The judge replied that he was not proceeding upon the multiple offender accusation and, after some further discussion, imposed a five to ten year sentence, the same as that originally adjudged.

On appeal to the New Jersey Superior Court, Appellate Division, the resentencing was affirmed, the court stating:

> "Even considering the defendant technically not to be a second offender for purposes of the added punishment permitted by the statute in the case of a second offender, the judge had the right within his sentencing discretion nevertheless to consider the whole background of the defendant including prior convictions." 113 N.J.Super. 184, 273 A.2d 378, 379 (App.Div.1971).[3]

Certification was denied by the New Jersey Supreme Court, 58 N.J. 332, 277 A.2d 389 (1971).

The defendant then filed for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of New Jersey, which vacated the sentence and directed the state court to "resentence [the defendant] setting forth the reasons for the sentence it chooses to impose." While conceding that the state judge had broad discretion in sentencing, the district court held that:

> " . . . it is reasonable to require, on the particular facts of this case, that the sentencing judge articulate a basis for the sentence imposed.

> \*　　\*　　\*　　\*　　\*　　\*

> " . . . It is, however, incumbent upon the trial judge to state why the petitioner received the same sentence he received when characterized as a multiple offender, if in fact, there is a basis for doing so."

We find no violation of the Constitution or laws of the United States in the action of the state court as is required for habeas corpus relief under 28 U.S.C. § 2254 and, accordingly, do not agree with the district court's order.

Petitioner alleges a violation of due process and relies mainly upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and the cases which have interpreted it. But we think a careful reading of the case law fails to support the petitioner's view.

The factual situation in *Pearce* is significantly different from that *sub judice.* In *Pearce* there was an increased sentence after a successful appeal and subsequent retrial. The prime concern of the *Pearce* majority was the fear that appellate review of the original conviction might be discouraged by the threat of increased punishment after a reversal. However, not every possibility of a

---

state law, not germane to the point at issue, we do not pass upon it.

**3.** This is consistent with United States v. Metz, 470 F.2d 1140 (3d Cir. 1972), where we held that the trial judge in imposing sentence may properly consider other indictments with which the defendant has been charged, but for which he has not yet been tried.

harsher sentence was within the ambit of the *Pearce* doctrine. As the Supreme Court said in Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974):

> "The lesson that emerges from *Pearce, Colten,* [Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584] and *Chaffin* [Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714], is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.'"

In the case under consideration there was no increase in sentence and no retrial. In fact, the resentencing occurred only because of an appellate decision in another unrelated case. The background, therefore, is devoid of either actual or potential vindictiveness.

■ The safeguard of requiring a trial judge to explain his reasons for the term imposed at a resentencing is limited by *Pearce* to situations in which a more severe punishment results. We cannot read that case to require, in a due process context, that the trial judge is required to articulate his reasons for imposing the same sentence as that previously assessed.

While there has been spirited debate on the proposition that a judge should enunciate his reasons for imposing sentence in every case, see Frankel, Criminal Sentences (1973); ABA Standards Relating to Appellate Review of Sentences § 2.3(c), Approved Draft (1968), no federal court has yet held it to be a constitutional imperative.[4]

Furthermore, as the recitation of facts indicates, the trial judge did not perfunctorily impose the same sentence but did so only after again studying the presentence report and giving the defendant the opportunity to present any new facts which might justify a reduction.

The record of the state court proceedings does not disclose any error entitling petitioner to federal habeas corpus relief, and, accordingly, the judgment of the district court will be vacated.[5]

---

4. New Jersey does have appellate review of sentences, and after the opinion of the district court was handed down in this case, the New Jersey Supreme Court amended its rules to require trial judges to state their reasons whenever a custodial sentence is imposed.

5. We have reviewed the petitioner's other contentions—that the reading of the indictment to the jury and the admission of testimony regarding a sale of narcotics denied him a fair trial. We agree with the district court's finding that these matters did not constitute grounds for the grant of a writ of habeas corpus.